**Ex parte Richard B. McNEMEE, Relator.**

No. 7024.

Court of Civil Appeals of Texas, El Paso.

Aug. 13, 1980.

354

Dudley R. Mann, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, John R. Gallogly, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an original habeas corpus proceeding brought under Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1980). It arises from a July 1, 1980 order committing Richard B. McNemee to the El Paso County jail for contempt of court in failing to make child support payments to his former wife pursuant to a divorce decree. McNemee was booked into the county jail on July 3, 1980, and was granted bail the same day by this Court, pending a final hearing.

Relator's primary contentions are: (1) that this was a criminal contempt proceeding, and the trial Court's denial of a jury trial in such a proceeding violates his constitutional rights under the sixth and fourteenth amendments when the sentence to be imposed exceeds six months imprisonment and/or a $500.00 fine; (2) that he was denied his right of due process of law under Tex. Const. art. I, sec. 19, and U. S. Const. amend. XIV, sec. 1, because the order of "ATTACHMENT AND COMMITMENT IN CONTEMPT" was issued without notice and a hearing affording him an opportunity to show why he failed to pay the support ordered; and (3) "MOVANT'S FIRST AMENDED MOTION TO REDUCE UNPAID CHILD SUPPORT TO JUDGMENT AND MOTION FOR CONTEMPT" filed by Relator's former wife, Louise (McNemee) Garman, failed to adequately apprise him that his former wife was seeking to punish him for 112 separate contempts–once for each month child support was not paid.

We must sustain these contentions, and it is accordingly ordered that Relator's writ of habeas corpus be granted and his bond be returned.

On May 30, 1980, a hearing was had on Louise (McNemee) Garman's motion. Relator had timely requested a jury trial by paying his jury fee and docketing the cause on the jury docket on May 1, 1980. However, when the case was called on May 30, 1980, the trial Judge refused Relator a jury trial on the ground that he was not entitled to one in a contempt proceeding.

At the conclusion of the hearing, McNemee was held in contempt of court for disobeying the divorce decree dated July 9, 1970, ordering him to pay child support to Louise (McNemee) Garman, in the amount of $40.00 per month for each of four children. The trial Court in its contempt order found that McNemee was 112 months in arrears–every month from January 1, 1971, until April 1, 1980–assessed a fine of $50.00 per month, or $5,600.00, and ordered him imprisoned three days for each of the 112 months he was in arrears, or 336 total days, and thereafter until he fully purged himself of contempt by paying arrearage, costs, fines and attorney fees, all totaling $24,571.00. The trial Court suspended the contempt sentence, conditioned upon payment by Relator of $17,420.00 in arrearage, $51.00 in costs, and $1,500.00 in attorney fees by 5:00 o'clock P.M. June 30, 1980, in addition to tender by Relator of regular support payments of $120.00 on the first day of each month beginning June 1, 1980, and continuing monthly in accordance with the order of July 9, 1970.[1]

Relator tendered the $120.00 support payments in June and July, but was apparently unable to satisfy the conditions of the suspended contempt sentence because on July 1, 1980, without notice or hearing, an "AT-

---

1. The provision requiring payment of attorney fees and costs does not make the order void because it results in imprisonment for a debt. *Ex parte Helms*, 152 Tex. 400, 259 S.W.2d 184 (1953); *Ex parte McManus*, 589 S.W.2d 790 (Tex.Civ.App.–Dallas 1979); *Ex parte Myrick*, 474 S.W.2d 767 (Tex.Civ.App.–Houston [1st Dist.] 1971). Contra *Ex parte Provost*, 598 S.W.2d 310 (Tex.Civ.App.–Beaumont 1979).

TACHMENT AND COMMITMENT IN CONTEMPT" was issued which ordered Relator committed to jail "until the fine of $5,600 . . . is paid, and until the term of imprisonment of 336 days in jail . . shall have expired, and until he has paid . . . $17,420.00 in back child support and $51.00 in costs of court and $1,500.00 in attorney's fees . . . ."

An examination of the contempt order of June 3, 1980, reveals that it is both criminal and civil in nature. Prior to June 30, 1980, the contempt sentence was conditional in that Relator could have purged himself of the contempt by paying the arrearage, costs, and attorney's fees. However, once the June 30, 1980 deadline passed, the conditions having not been satisfied, Relator was to be imprisoned for 336 days regardless of whether he thereafter paid the amounts due. Additionally, he was to remain in jail *after* the 336 day sentence had expired until the amount due was paid. Thus, the contempt was of a criminal nature as to the sentence of 336 days, and of a civil nature thereafter. See: *Ex parte Provost*, 598 S.W.2d 310, 311 (Tex.Civ.App.–Beaumont 1979); *Ex parte Hosken*, 480 S.W.2d 18, 23 (Tex.Civ.App.–Beaumont 1972). The contempt may also be classified as a constructive one occurring outside the presence of the Court and entitling the contemner to more procedural safeguards than would be afforded a direct contemner. *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex.1976).

The sixth amendment right to a jury trial for serious criminal contempts involving imprisonment for more than six months applies to state contempt proceedings. *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Cases of criminal contempt, where the sentence actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute, are exempted from the requirements of a jury trial. *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

The Texas statute authorizing punishment for criminal contempt allows punishment by "a fine of not more than $500, or by confinement in the county jail for not more than six months, or both, . . . ." Tex.Rev.Civ.Stat.Ann. art. 1911a sec. 2(a) (1965–1979 Pam.Supp.). The authorization of punishment falls within the definition of petty offenses as set forth by the United States Supreme Court. *Codispoti v. Pennsylvania*, supra; *Bloom v. Illinois*, supra; *Duncan v. Louisiana*, supra; *Ex parte Werblud*, supra. However, where the contempts are treated as separate offenses and where no more than a six month sentence is imposed for any single offense which would normally be a petty offense triable without a jury, if the sentences are aggregated so as to run consecutively rather than concurrently thus extending the prison term to be served beyond that allowable for a petty criminal offense, the relator must be afforded a trial by jury in accordance with the sixth amendment to the United States Constitution. *Codispoti v. Pennsylvania*, supra. Where the Court may impose a sentence in excess of that permitted for petty offenses, the Court may not deny a right to trial by jury. In this case, the petitioner's constitutional and statutory rights were violated.

Relator further contends that a contempt order, which conditions suspension of punishment on compliance with the provisions set out in the contempt order, provides no authority in itself for arrest and confinement without a subsequent hearing to determine breach of the conditions and a subsequent unconditional commitment order. Relator argues that he must be given an opportunity to prove inability to pay before the trial Court may issue an ex parte unconditional order of commitment.

Relator was afforded a hearing on May 30, 1980, at which time it was his duty to conclusively prove his inability to pay. *Ex parte Kollenborn*, 276 S.W.2d 251 (Tex. 1955). Notwithstanding the fact that such a hearing took place, if the trial Court

enters an order of contempt but suspends punishment on condition of compliance with the Court's order, Relator must be afforded a hearing where it is shown that a breach did in fact occur. *Ex parte Mason*, 584 S.W.2d 936 (Tex.Civ.App.–Dallas 1979); *Ex parte Sauser*, 554 S.W.2d 239 (Tex.Civ. App.–Dallas 1977); *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App.–Dallas 1975). At that time, Relator has an opportunity to show that performance was impossible due to circumstances arising after the entry of the conditional order of contempt. No such hearing was provided to this petitioner.

Third, Relator contends that "MOVANT'S FIRST AMENDED MOTION TO REDUCE CHILD SUPPORT TO JUDGMENT AND MOTION FOR CONTEMPT" failed to adequately apprise Relator that punishment for 112 separate contemptuous acts was being sought. Relator points out that nowhere in the pleadings is there any mention of multiple contemptuous acts. The primary thrust of the pleading filed by Mrs. Garman was to have all past due payments reduced to judgment. The only mention of contempt in the motion was in the prayer, where it was requested that the Court set a hearing and issue notice to Relator "to appear and show cause why Respondent should not be held in contempt of court for disobedience of the Court's Order, why a Judgment should not be entered for the amount of child support currently in arrearage, and why an attorney's fee should not be awarded."

■ A district court has the power to assess punishment for more than one act of contempt in a single proceeding based upon allegations contained in a single affidavit. *Ex parte Genecov*, 143 Tex. 476, 186 S.W.2d 225 (1945). This is possible only where the motion for contempt sets out specifically distinct and separate violations of the order violated. *Ex parte Gnesoulis*, 525 S.W.2d 205, 210 (Tex.Civ.App.–Houston [14th Dist.] 1975); *Ex parte Loreant*, 464 S.W.2d 223, 224 (Tex.Civ.App.–Houston [1st Dist.] 1971). This is because a contempt proceeding has some of the incidents of a trial for crime, and is quasi–criminal in nature. *Ex parte*

*Cardwell*, 416 S.W.2d 382 (Tex.1967); *Ex parte Davis*, 161 Tex. 561, 344 S.W.2d 153 (1961). Thus, a motion for contempt is comparable to an indictment or information and complaint which must, in separate counts, charge the distinct misdemeanors. *Ex parte Loreant*, supra, at 224. Relator did not receive full and unambiguous notification of the multiple accusations made against him upon which the judgment rendered by the trial Court was based, and the requirements of due process were not satisfied.

■ It should be noted that at the May 30, 1980 hearing, an issue was raised as to the applicability of the four–year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5529 (1958), to contempt proceedings and actions to reduce unpaid child support to judgment. This defense was affirmatively plead in Relator's answer in the trial Court. In *Houtchens v. Matthews*, 557 S.W.2d 581 (Tex.Civ.App.–Fort Worth 1977, writ dism'd), and *Mitchell v. Mitchell*, 575 S.W.2d 311 (Tex.Civ.App.–Dallas 1978, no writ), it was held that under Tex. Family Code Ann. sec. 14.09(c) (1975), in actions to reduce unpaid child support to judgment, the applicable statute of limitations was Article 5532, Tex.Rev.Civ.Stat.Ann. (1958), the ten–year statute. Relator, citing *Ex parte Payne*, 598 S.W.2d 312 (Tex.Civ.App.–Texarkana 1980), contends that Article 5529, the four–year statute of limitations, applies.

While the answer to this problem is by no means clear, we must agree with the logic of the Texarkana Court in *Ex parte Payne*, supra. It appears that Tex.Family Code Ann. sec. 14.09 (1975) provides two remedies for the single cause of action of collection of delinquent child support. *Ex parte Payne*, supra, at 319. Subsection (a) provides for enforcement through contempt proceedings while Subsection (c) provides that any arrearage may be reduced to judgment and enforced as any judgment for debt. Article 5532, the ten–year statute for revival of judgments, would not be applicable until the arrearage had been reduced to a judgment. Until the amount is reduced to judgment, the order to pay child support

is only a direction for payments on which there can be issued no execution or abstract of judgment.

Our Supreme Court has determined that child support arrearage is not a "debt" in recognition of the constitutional prohibition against imprisonment for debt. *Smith v. Bramhall,* 563 S.W.2d 238 (Tex.1978). Thus, until a judgment is obtained under Tex. Family Code Ann. Sec. 14.09(c), Article 5529, the "catch–all" four–year statute of limitations, should apply, both as to the contempt issue and as to reducing the past due payments to a judgment. *Ex parte Payne,* supra.

For the reasons stated, the writ is granted and Relator is ordered discharged.