Ex parte Edwin Carl
GRIFFIN, Relator.

No. 04–86–00102–CV.

Court of Appeals of Texas,
San Antonio.

May 21, 1986.
Rehearing Denied June 16, 1986.

---

3.  TEX.REV.CIV.STAT.ANN. art. 2461–1.01 et      seq. (Vernon 1986).

Christine Tharp, San Antonio, for relator.

Michael Arriaga, Faye Harden, San Antonio, for respondent.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

*On Relator's Application for*
*Writ of Habeas Corpus*

TIJERINA, Justice.

Relator, Edwin Carl Griffin, asks this court to grant him a writ of habeas corpus pursuant to TEX.GOVT.CODE ANN. § 22.-221(d) (Vernon Supp.1986). On February 21, 1986, the trial court adjudged relator guilty of contempt of court for his failure to make periodic child support payments as ordered in the November 5, 1974, divorce decree. The trial court ordered relator committed to the Bexar County Jail for six months and until he pays the arrearage of $14,700.00. By order of this court, relator was released on bond pending our decision in this case.

No copy of the contempt order was filed in this court. A signed statement by the deputy district clerk states that after a diligent search the order could not be found. However, attached to the statement of facts is an uncertified copy of the commitment order.

In the divorce decree the trial court appointed Yolanda Griffin as possessory conservator and granted relator reasonable visitation privileges. The court failed to appoint a managing conservator. The decree provides:

> The Court, having considered the circumstances of the parents, finds that EDWIN CARL GRIFFIN, pay child support in the amount of Twenty Five and No/100 ($25.00) Dollars per week with the first payment being due on the first Monday following entry of this decree, and a like amount on each Monday thereafter until the child with respect to whom payments are made shall attain the age of eighteen (18) years. Payments are to be made through the Juvenile Department, Child Support Division, Post Office Box 7546, San Antonio, Texas.

Relator complains the decree is insufficient because it fails to order him to make payments or to specify to whom the payments are to be made. To be a valid order sufficient to uphold a contempt judgment, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that the person will know exactly what he is ordered to do or not to do. The order cannot contain implications or conjectures or be susceptible to different meanings, but must be in the form of a command. *Ex parte Hodges,* 625 S.W.2d 304, 306 (Tex.1981); *Ex parte Slavin,* 412 S.W.2d 43, 44–45 (Tex.1967). The judgment does not order relator to make child support payments to any specific person.

The order merely finds that payments are to be made through the Child Support Division of the Juvenile Department. The decree of November 5, 1974, is not specific enough to be enforced by a contempt order. The order of contempt is void.

■ Further, relator was denied an effective hearing on the motion for contempt. Respondent urges that pursuant to TEX. FAM.CODE ANN. § 14.32(a) (Vernon Supp.1986) the verified pleadings of Yolanda Miller present a prima facie case in the absence of a verified denial by relator. Respondent claims the section applies to proceedings for contempt which may be joined with an enforcement proceeding pursuant to section 14.31. The result of these two provisions is that relator can be held in indirect contempt without receiving a hearing should he fail to file a verified denial. This clashes with due process standards which demand that a potential contemnor receive a hearing in which he has the opportunity to confront witnesses and present evidence of why he should not be held in contempt. *See Ex parte Hiester*, 572 S.W.2d 300, 302 (Tex.1978); *Ex parte Hosken*, 480 S.W.2d 18, 24 (Tex.Civ.App.— Beaumont 1972, no writ). Clearly the legislature did not intend a potential contemnor to be deprived of his liberty without a hearing and due process safeguards. Section 14.30(d)(1) specifically provides that a contempt proceeding under Rule 308–A of the Texas Rules of Civil Procedure is not precluded when the movant seeks relief through enforcement proceedings. Rule 308–A supplies the due process safeguards of notice and a hearing. Section 14.40 of the Family Code delineates the contempt powers of a court when a child support order has been violated. The section mandates notice and a hearing. Therefore, in order for section 14.32(a) not to violate the constitutional right to due process (U.S. CONST. amend. VI & XIV; TEX. CONST. art. 1, § 10), we conclude that the section is inapplicable to the contempt portion of enforcement proceedings under section 14.30, et seq.

■ The record indicates relator was given no opportunity to question any witness or present evidence concerning any defenses he may have had to the contempt charges. Nor does the record indicate he knowingly waived these rights. No sworn testimony was received by the trial court. Relator was denied his due process rights to a fair trial. *See Ex parte Johnson*, 654 S.W.2d 415, 421 (Tex.1983); *Ex parte Trevino*, 665 S.W.2d 227, 230 (Tex.App.—San Antonio 1984, no writ); *Ex parte Jackman*, 663 S.W.2d 520, 523 (Tex.App.—Dallas 1983, no writ).

The order holding relator in contempt of court is void and relator is ordered discharged from custody.

CANTU, J., concurs in result without opinion.

CADENA, Chief Justice, dissenting in part.

I cannot agree that the order of contempt in this case is void because the provisions for child support found in the divorce decree are not specific enough to permit enforcement by contempt proceedings.

The rule that punishment by contempt for disobedience of an order of a court is possible only when the order in question is specific and unambiguous is a salutary rule. It would be grossly unjust to punish a person for disobedience when he has not been told what he is to do or to refrain from doing. But our courts, in applying this wholesome rule, have gone to great extremes in order to conclude that the alleged contemnor was ignorant of his obligations under the court order. The holding by the majority in this case is a good example of findings of lack of specificity which are apparently based on the premise that the person charged with contempt is an idiot incapable of understanding simple language. If a person is so mentally deficient that he is unable to determine how to comply with the provisions of the divorce decree in this case, the defense to the contempt proceedings should not be lack of

specificity in the order but, rather, mental incompetence.

The order in this case in "clear, specific and unambiguous terms" tells relator what he must do in order to comply with the order commands that relator pay $25.00 per week for child support, and that such payments be made through the child support division of the juvenile office. If relator had, every week, delivered $25.00 to the child support division of the juvenile department for the support of his child, there could be no question concerning his compliance with the order in the divorce decree. He would have fully complied with the order because he had done exactly what the order required him to do. There was no need for relator to attempt to interpret the language of the order. All that was required was that, every Monday he make the payment "through" the child support office. I am unable to understand the mystery which the majority believes exists as to the obligations imposed on relator by the order. The clear and simple language is not susceptible to different meanings. It does not order relator to make the payments to "any specific person," but it tells him how to comply with the order of the court. I know of no requirement that support payments be made to a "specific person." There is nothing wrong with an order which requires that the payments be made to a named agency or institution.

The conclusion is clear. The order told relator what to do and he did not do it. The argument that he was left in the dark concerning his obligation under the order is completely unpersuasive unless we assume that he lacks the mental capacity to understand simple language.

I agree that relator must be discharged, but I would base the order of discharge solely on the fact that no evidence was presented to support the finding that relator had not complied with the order. The provisions of § 14.32(a) of the Texas Family code concerning the effect of a failure to file a general denial cannot be constitutionally applied to contempt proceedings.