**Ex parte Thomas Allen PARROTT.**

**No. 2–86–255–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1987.

Mary K. Biester, Dallas, for relator.

Bays and Harberer, and Milton E. Harberer, Jr., Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION ON APPLICATION FOR WRIT OF HABEAS CORPUS

FARRIS, Justice.

Relator brought this original habeas corpus proceeding after the district judge held him in contempt for failing to pay child support ordered in a decree of divorce. Relator challenges the legality of his confinement for three reasons: one, the command language in the support portion of the decree of divorce dated April 10, 1974 does not state a specific person to whom relator is to make child support payments and therefore, cannot support an order enforcing contempt; two, the November 13, 1986 judgment and order set forth two different amounts for the arrearage owed by relator; and three, the commitment order entered is not sufficiently specific because it fails to state the specific place where relator failed to comply with the earlier order. We reject each of the relator's contentions, deny his prayer for relief, and remand him to the custody of the Tarrant County Sheriff.

We reject relator's contention that the decree of divorce cannot support an order enforcing the contempt because it does not specify to whom relator is to make child support payments. Relator cites as authority *Ex Parte Griffin*, 712 S.W.2d 214 (Tex.App.—San Antonio 1986). In *Griffin*, the relator was held in contempt for nonpayment of child support. The *Griffin* divorce decree was specific as to the amount and date of child support payments and ordered that, "[p]ayments are to be made through the Juvenile Department, Child Support Division, Post Office Box 7546, San Antonio, Texas." *Id.* at 215. The majority found that the decree was not specific enough to be enforced by a contempt order, because the decree did not order Griffin to make child support payments to any specific person. The decree of divorce before us in the present case is similar to the decree in *Griffin*, because it ordered the relator to pay a specific amount of child support at clearly specified times with payments to be made through the "Tarrant County Child Support Department or Juvenile Department," but fails to specifically name an individual to whom child support is payable.

In *Ex Parte Slavin*, 412 S.W.2d 43 (Tex. 1967), the Supreme Court stated the rule of law that in order for a decree to be enforceable by contempt, it must spell out the details of compliance in clear, specific and unambiguous language so that one will readily know exactly what duties or obligations are imposed upon him. *Id.* at 44.

The Supreme Court in *Slavin* found that because the language of a support order in a decree of divorce was reasonably subject to either one of two constructions, it was equivocal and therefore, unenforceable by contempt. *Id.* at 44–45.

We reject the reasoning of the majority in *Ex Parte Griffin*, because we believe the holding goes beyond the rule stated in *Slavin*. Rather, we agree with the dissenting opinion, *Griffin*, 712 S.W.2d at 217, that the child support order in clear, specific and unambiguous terms, tells relator what he must do in order to comply with the order. In the present case, the relator has not suggested any other construction of the support order than that he pay a specified amount of child support on certain dates through the Tarrant County Child Support Department or Juvenile Department. *See also Ex Parte McManus*, 589 S.W.2d 790, 793 (Tex.Civ.App.—Dallas 1979).

■ Further, we note that the relator was the petitioner in the original divorce action. The decree of divorce states that the relator and his attorney were present at the divorce hearing, but that the movant defaulted and did not appear. Although the record before us is incomplete, it is apparent that the decree of divorce was prepared by the relator's attorney. The decree appointed the movant as managing conservator of the children and ordered that she should have all the rights, privileges, duties and powers of a parent, to the exclusion of the other parent subject to the rights, privileges, duties and powers of a possessory conservator. TEX.FAM.CODE ANN. sec. 14.02(b)(7) (Vernon 1986) lists the rights, privileges, duties and powers of a managing conservator. Included in the powers is the power to receive and give receipt for periodic payments for support of the child and to hold or disburse these funds for the benefit of the child. Given these facts, we do not find the order of support ambiguous and unenforceable by contempt.

■ Relator next complains that the contempt order fails to comply with TEX. FAM.CODE ANN. sec. 14.33(a) (Vernon 1986) because it is unclear as to the amount of back child support owed by relator. The original support order contained in the decree of divorce ordered the relator to pay child support in the amount of $100.00 per month beginning on May 1, 1974. The movant's motion for contempt alleged that relator failed to make any of the ordered child support payments from February 1, 1976 through October 1, 1986. The court's contempt and commitment order is based upon a master's recommendation contained within the record. The master's recommendation contains the handwritten findings and orders of the master. The relevant part of the master's findings are as follows:

> Court finds Respondent has failed to pay any child support that has been due and owing each month for a period extending over the past 10 years from the time the Motion for Contempt was filed. This period totals 120 months. Respondent was ordered to pay $100/month. He owes a total of $12,000 as of 31 October 1986. Previously, under URESA the State of Louisiana reduced Respondents payment to $50.00/month. Therefore, court cannot find willfulness as to 100/month but it can as to the reduction of support to $50.00/month which by his testimony was never paid. Respondent also testified he was employed for substantial periods of time over the past 10 year period. Court awards judgment in the amount of $6000 and finds contempt for failure to pay 50/month for the past 120 months.

The court order in relevant parts finds relator contemptuously disobeyed the order of the court by failing to make periodic child support payments, that the present arrearage as of October 31, 1986 was $12,000.00, that relator was able to pay the amount of $50.00 per month on each month beginning October 1, 1976, and continuing through October 1, 1986, and ordered relator's commitment until he had paid $6,000.00 to movant as child support arrearage.

From the record, it is clear that the court found an arrearage of $12,000.00, but that

only $6,000.00 of the arrearage was enforceable by contempt and conditioned relator's commitment upon his payment of the $6,000.00 in arrears. We reject the relator's second contention.

We also reject the relator's third contention that the commitment order fails to state the specific place where relator failed to comply with the order of support. The original child support order directed that payments be made to the Tarrant County Child Support Department or Juvenile Department. Relator does not complain that the language of the decree prepared by his attorney caused any confusion as to the place where child support payments were payable, and we will take judicial notice that the Tarrant County Child Support office is a section of the Tarrant County Domestic Relations office formerly known as the Tarrant County Juvenile Department. The order specifically incorporates that part of the language of the decree directing the time when, and place where, each child support payment was payable and then lists by date and amount the payments which were in arrears. We find that the order sufficiently complies with the requirements of TEX.FAM.CODE ANN. sec. 14.33 (Vernon 1986) and that it is not so ambiguous as to be unenforceable.

Having rejected each of the relator's contentions, we deny his application for writ of habeas corpus.