Ex parte Joseph Alan **JIMENEZ**, Relator.

No. 04–87–00347–CV.

Court of Appeals of Texas, San Antonio.

July 29, 1987.

Robert Valdez, San Antonio, for appellant.

Adam T. Serrata, San Antonio, for appellee.

PER CURIAM.

Relator, Joseph Alan Jimenez, filed his petition for writ of habeas corpus and was ordered released from custody, on bond, pending a hearing in this court.

On March 25, 1982, relator and the real party in interest, Betty Lou (Jimenez) Bernal (movant), were divorced. Movant was awarded custody of the parties' minor child and relator was ordered to make child support payments of $25.00 a week until the child attains the age of eighteen.

Movant filed a motion for contempt, on March 17, 1987, for relator's failure to make child support payments pursuant to the divorce decree, alleging the arrearage to be $2,700.00. That same day, the trial court signed an order authorizing Robert A. Vela & Associates, a disinterested party, to serve process on relator.

Relator appeared at the show cause hearing June 9, 1987, and attempted to present

to the trial court his original answer and special exceptions. The court refused to consider the exceptions because they had not been previously filed with the clerk. Only the movant presented evidence. Orally finding relator in contempt, the court assessed a jail term of 45 days and gave relator until the following day to purge himself of the contempt by paying $1,500.00 immediately and the balance in weekly installments of $15.00 in addition to the $25.00 due weekly under the divorce decree.

On June 10, 1987, the parties returned to the trial court. Relator did not pay the $1,500.00. The trial court signed the order of contempt committing relator to confinement in the Bexar County jail for 45 days and until he pays $2,619.00 child support arrearage.

■ Relator claims the contempt order and order of commitment are void because relator was requested to testify against himself and thus violate his constitutional protection against self-incrimination. At the hearing movant's attorney attempted to question relator. Relator's objection was sustained. Thus, relator never took the stand and never testified. The trial court committed no error and relator's rights were not violated.

■ Relator complains he was held in contempt for child support payments not accruing until after movant filed her motion for contempt. The motion was filed March 17, and the judgment was signed June 10. While the movant did ask for all payments missed between the filing of the motion and the judgment, the trial court did not order it. Although the order does not state the inclusive dates, the statement of facts clearly shows the trial court did not consider any payments due after March 17, and the order so reflects.

■ Relator urges the order of contempt is void because movant failed to prove relator was able to pay the child support, relying on Ex parte Lopez, 710 S.W.2d 948 (Tex.App.—San Antonio 1986, no writ). The portion of Lopez which placed that burden on the movant was expressly overruled by this court, in Ex parte McIntyre, 730 S.W.2d 411 (Tex.App.—San Antonio 1987, no writ) (en banc). "[T]he respondent to a motion for contempt for failure to pay wife or child support has the burden of establishing by a preponderance of the evidence in the trial court the defense of involuntary inability" to make the payments. Relator presented no evidence on the defensive issue.

Relator next complains the trial court refused to require movant to plead each and every act of contempt committed. In her motion for contempt, movant alleged relator failed to make child support payments pursuant to the divorce decree and was in arrears $2,700.00.

At the hearing relator presented his original answer and special exceptions in which he complained movant failed to allege the specific date each missed payment was due. The trial court noted the answer had not been filed prior to the hearing and overruled it.

■ A contemnor has sufficient notice when the motion for contempt and the show cause order clearly show the relator that he is accused of failing to pay child support and the amount of the arrearages. Ex parte Gray, 654 S.W.2d 68, 70 (Tex. App.—Eastland 1983, no writ); Ex parte Barnett, 594 S.W.2d 805, 809 (Tex.Civ.App. —Dallas 1980, no writ).

■ Relator cites Ex parte McNemee, 605 S.W.2d 353 (Tex.Civ.App.—El Paso 1980), overruled on other grounds, Huff v. Huff, 648 S.W.2d 286 (Tex.1983), as support. In McNemee, however, the movant sought and obtained separate punishment for 112 acts of contempt. While each individual assessment of jail time was under six months, the total jail time exceeded 300 days. Because the trial court assessed a separate punishment for each act, the respondent was entitled to notice reciting each act separately. Ex parte McNemee, 605 S.W.2d at 357. However, in the instant case, only one punishment was assessed, not several punishments for multiple acts of contempt. In this case, it is sufficient

that the movant alleged a lump sum arrearage.

■ Relator next alleges the agreed divorce decree of March 25, 1982, which orders him to make child support payments, is vague and ambiguous because it does not state a specific date each payment will become due. However at argument to this court, relator for the first time complained that the agreed order violates *Ex parte Griffin*, 712 S.W.2d 214 (Tex.App.—San Antonio 1986, writ dism'd) because it does not name a specific person to whom the payments are to be made.

After setting out that movant is the managing conservator, the divorce decree provides:

IT IS THEREFORE ORDERED that Respondent pay child support in the amount of Twenty-Five and no/100 ($25.00) Dollars per week, payable in weekly installments of Twenty-Five and no/100 ($25.00) Dollars per week, with the first payment being due and payable on the 26 day of March, 1982, and a like amount each and every week thereafter until the child with respect to whom payments are made shall attain the age of eighteen (18). Payments are to be made through the Bexar County Child Support Office at 203 West Nueva, P.O. Box 7546, San Antonio, Texas 78207.

There is no particular requirement in law that payments of support be made to a specific person. An order may require that payments be made to or through a "child support office." The divorce decree *to* which relator agreed told him what to do. It is also clear that he had made child support payments in the past. Further, it specifically states the first payment is due March 26, 1982, and a payment is due every week after that. Similar language in *Ex parte McManus*, 589 S.W.2d 790, 793 (Tex. Civ.App.—Dallas 1979, no writ) was found to be sufficient.

*Ex parte Griffin, supra,* (Cadena, C.J. dissenting) held that the order in that case (contemnor to pay $25.00 each week *through the child support office*) was not specific enough to permit enforcement by contempt proceedings. To the extent that the present opinion conflicts with *Griffin,* we overrule the particular holding. We hold the decree is neither ambiguous nor void as a result of the language.

■ Relator next states that no one at the contempt hearing identified him as Joseph Alan Jimenez. It is not necessary to identify the relator at every stage of a contempt proceeding. *Ex parte Snow,* 677 S.W.2d 147, 150 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Ex parte McManus,* 589 S.W.2d at 792–93. Relator appeared at the hearing with his attorney, his attorney attempted to file special exceptions to the motion for contempt, cross-examined movant, objected to the request that relator testify against himself and relator appeared the following day. There is no objection that he was not the person named in the contempt motion or order and commitment of contempt, and any complaint was waived.

■ Relator argues the contempt motion was not signed by movant, but was purportedly signed by her attorney.[1] TEX. R.CIV.P. 308–A provides that a complaint of non-support must be verified by affidavit of the claimant. Relator relies upon *Ex parte Freeman,* 144 Tex. 392, 191 S.W.2d 6 (1945) (failure to verify the complaint was insufficient to invoke the trial court's jurisdiction). However, in 1953 the Texas Supreme Court overruled *Ex parte Freeman* in *Ex parte Winfree,* 153 Tex. 12, 263 S.W.2d 154, 158 (1953). In addition, relator waived his complaint by failing to raise it prior to the trial. TEX.R.CIV.P. 90.

■ Relator's final contention is that the sheriff or constable did not serve him with notice, as required by TEX.R.CIV.P. 103 & 106, but that the trial court permitted Robert A. Vela & Associates, a disinterested party, to serve him.

Relator brought forward to this Court a certified copy of the order permitting the disinterested party to serve the notice.

1. At oral argument, relator pointed out the attorney for movant failed to sign the jurat on the motion. However, relator waived this complaint by failing to timely make an objection.

However, he offered no proof that he did not receive notice. In fact, relator answered the motion and appeared in person for the hearing. By appearing at the hearing and participating in it, relator waived any complaint. *Sloan v. Rivers*, 693 S.W.2d 782, 784 (Tex.App.—Fort Worth 1985, no writ); *Enntex Oil & Gas Co. (of Nevada) v. State*, 560 S.W.2d 494, 498 (Tex.Civ.App. —Texarkana 1977, writ ref'd n.r.e.), *dism'd*, 439 U.S. 961, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978).

We find the trial court had jurisdiction to enter the order of contempt and commitment order and that the contempt order is not void. The requested relief is denied. Relator is ordered remanded to the custody of the Sheriff of Bexar County to complete the terms of the order of contempt.

CANTU, Justice, concurring.

I reluctantly join in the opinion continuing to believe that *Ex parte McIntyre*, 730 S.W.2d 411 (Tex.App.—San Antonio 1987, no writ) (en banc) incorrectly overruled that portion of *Ex parte Lopez*, 710 S.W.2d 948 (Tex.App.—San Antonio 1986, no writ) which placed the burden on the movant to prove that relator was able to pay child support.