Ex parte Steven D. WALDREP.

No. C14–89–1029–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1990.

Barry J. Hards, Houston, for appellant.

John W. Wiggins, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an original habeas corpus proceeding filed pursuant to TEX.GOV'T.CODE

ANN. § 22.221 (Vernon 1988). Relator was held in contempt of court on October 30, 1989 for failing to comply with a judgment of the lower court "signed May 12, 1989." On November 9, 1989, the trial court entered a commitment order nunc pro tunc correcting a clerical error in the date of the original divorce from May 12, 1989 to May 12, 1978. We deny the writ of habeas corpus.

Relator was found to be $2,741.00 in arrears in payments required under the divorce decree. The trial court had additionally credited Relator with $2,450.00 in payments which he had made directly to his ex-wife. Based on this, the Relator was found in contempt of the court's original support order. Relator raises seven points of error.

▆▆▆ In points number one and four, Relator alleges that the commitment order is void because it does not state which child support payments were not paid and because it assesses one punishment for multiple acts where some of the acts were not punishable by contempt. For a person to be held in contempt for disobeying a court's order, the order must advise him of the details of compliance in clear, specific, and unambiguous terms so that he will know exactly what duties or obligations are imposed on him. *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). Concerning orders enforcing a contempt of court finding, the Family Code provides:

(a) Contents. an enforcement order shall contain findings setting out specifically and with particularity *or incorporating by reference* the provisions of the final order, decree, or judgment for which enforcement was sought, and the time, date, and place of each and any occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court.

TEX.FAM.CODE ANN. § 14.33(a) (Vernon Supp.1988), emphasis added.

The Order of Commitment Nunc Pro Tunc in this case complies with Section 14.33(a) and states as follows:

AND IT APPEARING to the Court that the said STEVEN DONALD WALDREP has been duly cited; and the Court having heard all of the evidence and arguments offered in this matter, is of the opinion and so finds that the said STEVEN DONALD WALDREP is guilty of contempt of this Court in that he has failed and refused to pay child support as heretofore ordered in an amount of $2,741.00 *as per Exhibit "A" attached hereto incorporated herein for all purposes to show the dates of payment and non-payment.* (emphasis added).

The order incorporates by reference an exhibit containing the specific dates, the amounts owed and the amounts paid by the Relator. At the end of this approximately twenty page exhibit, the total amount due, the total amount paid and the $2,450.00 credit are shown. Relator cites *Ex parte Bahmani*, 760 S.W.2d 769 (Tex.App.— Houston [14th Dist.] 1988, no writ) and *Ex parte Boykins*, 764 S.W.2d 590 (Tex.App.— Houston [14th Dist.] 1989, no writ) as authority for his position that the commitment order fails to identify where the credit of $2450 is allocated. Reliance upon these cases is misplaced. In each of them the court order stated only that the relator was found in arrears in a particular dollar amount without specifying either the dates of nonpayment or without incorporating them by reference. Here, the table cited in the order of commitment specifically states each date of each nonpayment.

▆▆▆ The purpose of an enforcement order is to notify the offender of how he has violated its provisions and how he can purge himself of contempt, to notify the sheriff so that he may carry out the enforcement and to provide sufficient information for an adequate review. *Ex parte Conoly*, 732 S.W.2d 695 (Tex.App.—Dallas 1987, no writ). The amount of arrearages, the credits and the dates of non-payment are satisfactorily set forth in the exhibit. Making some payments directly to his ex-wife on dates other than those ordered does not excuse nonpayment on the dates on which he was obligated to make payments in the manner specified for making such payments. *See Ex parte Boyle*, 545

S.W.2d 25, 27 (Tex.Civ.App.—Houston [1st Dist.] 1976, orig. proceeding). Relator's points of error one and four are overruled.

■ In points of error two and three, Relator claims that the trial court's order is void because it holds the Relator in contempt of a judgment entered "on or about May 12, 1989", when there is no such order and that the alleged acts of contempt predate such date in the order. The original commitment order mistakenly stated that the original decree was entered "on May 12, 1989". The nunc pro tunc order of November 9, 1989 corrected this clerical error and gave the date of the original decree as "May 12, 1978". A trial court has inherent and plenary power to correct a clerical error made in entering a final judgment. *Escobar v. Escobar*, 711 S.W.2d 230 (Tex.1986). The fact that an appeal had been made will not prevent the correction as long as it is entered before the final judgment of the appellate court. *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28 (Tex.1971); *City of Houston, et al. v. Deshotel*, 585 S.W.2d 846 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). In point of error five, Relator complains that the commitment order is void because the sentence of the court is ambiguous. The order of commitment nunc pro tunc cures this problem by setting forth the sentence imposed by the trial court clearly. Relator is to be confined to the Harris County Jail for a period of ninety days and thereafter until all costs of Court accrued ($111.00) and attorney's fees ($2,250.00) and the $2,741.00 in child support arrearages are paid. Relator's points of error two, three, and five are overruled.

■ In point of error number six, Relator asserts that the trial court's order is void because it was based on an uncertain support order. Relator argues that the divorce decree is not specific enough since it fails to identify any individual or person who is to receive the child support payments. The decree requires the payments to be made through the child support division of the Harris County Probation Department at 1115 Congress, Houston, TX 77002. Relator has not suggested any construction of the order other than that he pay a specified amount of child support on certain dates through the Probation Department. The decree tells Relator exactly what he must do to comply with the decree. See *Ex parte Parrott*, 723 S.W.2d 342 (Tex. App.—Fort Worth 1987, no writ); *Ex parte Jimenez*, 737 S.W.2d 358 (Tex.App.—San Antonio 1987, no writ). Point of error six is overruled.

■ In his final point of error, relator asserts that the failure to serve him notice of this action timely and properly results in a void contempt order because the district court failed to acquire jurisdiction. Relator was served with the Second Amended Motion for Contempt and notice of the hearing on October 25, 1989. Although Relator acknowledges receipt of these documents, he alleges that he was unable to determine the nature of the notice. Despite his alleged lack of knowledge, Relator appeared in the 245th District Court on October 30, as ordered by the Motion. The Relator did not then object to a lack of notice, challenge the jurisdiction of the court or ask for a continuance either to employ counsel or to prepare for trial. The holding of a contempt hearing within less than ten days from the date of service is only a procedural irregularity. The trial court does not lack jurisdiction because the hearing was held in less than ten days although it may constitute a denial of due process. *Ex parte Boyle*, 545 S.W.2d 25 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ). At the hearing, Relator testified to the direct payments he made and was given credit for the full amount he claimed. There is no suggestion that the lack of ten days notice had an adverse effect upon the relator's ability to protect his interests or defend himself. *Ex parte Sturdivant*, 551 S.W.2d 144, 146 (Tex.Civ.App.—Texarkana 1977, no writ). Consequently, the record does not show that the relator was denied due process. Point of error number seven is overruled.

The Relator's request for Habeas Corpus relief is denied.