02-10-315-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00315-CV

 

 


 
 
 In the Interest of V.L.K., A Child
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Ex-husband appeals the trial court’s order modifying his child support payments,
which were established in a 1999 divorce decree.  In four issues, Ex-husband
complains that the trial court abused its discretion by denying his no-evidence
motion for summary judgment; that there is no evidence to support the trial
court’s order increasing his monthly child support obligation; that the trial
court abused its discretion by ordering that he pay back child support; and
that the trial court erred by modifying a written agreement that he and Ex-wife
entered into after the original divorce decree.  We will affirm.

II.  Background

Ex-husband
and Ex-wife were divorced on July 1, 1999.  In the divorce decree, the court
named both parents as joint managing conservators of their daughter V.L.K. 
Among other things, the divorce decree granted Ex-wife the right to establish
V.L.K.’s primary residence; the right to consent to medical, dental, and
surgical treatments; as well as the right to receive $275 monthly child support
payments from Ex-husband.  The order also established that V.L.K.’s primary
residence was restricted to Denton County and contiguous counties.

On
September 18, 2003, Ex-husband drew up an agreement, signed by both parties,
which stated that the parties would resolve their own disputes concerning
possession, conservatorship, and access to V.L.K.  The agreement contained a
list of specific rights between the parties.  Significant to this appeal, the agreement
lifted the domicile restriction and absolved Ex-husband of child support
payments.  There is some evidence that Ex-husband may have filed the agreement
with the trial court, but there is zero evidence that the trial court approved
the agreement or made a finding that the agreement was in the best interest of
V.L.K.  Tex.
Fam. Code Ann. § 153.007 (West 2008).  In fact, at the final enforcement
hearing, Ex-husband testified that the agreement “was not heard by a judge.” 
The agreement had been prompted by Ex-wife’s marriage to a United States
military serviceman who was stationed in Germany.  The agreement specifically
stated that the domicile restriction “will resume and possession, access and
visitation will resume . . . upon [Ex-wife and V.L.K. returning] from
Germany.”  Remarkably, the agreement did not state that Ex-husband’s child
support payments were to resume upon Ex-wife and V.L.K. returning from Germany.

After
moving to Germany, Ex-wife’s current husband re-enlisted in the military and
was deployed to Hawaii.  On February 5, 2007, Ex-wife filed a motion to modify
the parent-child relationship, asking the court to lift the domicile
restriction and allow V.L.K. to move with her to Hawaii.  After filing an
emergency motion for temporary orders, the trial court ordered that V.L.K.
would be allowed to move to Hawaii.  Based on the Texas Family Code guidelines
for child support, the trial court also increased Ex-husband’s child support
obligation for V.L.K. to $375 per month.  Ex-husband filed for a jury trial
regarding the domicile restriction.  In October 2008, Ex-wife and V.L.K. moved
back to Denton County.  No jury trial was held.

A
final hearing was heard on September 29, 2009.  The court ordered that the
original domicile restriction remain.  The trial court also found Ex-husband in
arrears of $7100 in past child support.  The trial court ordered Ex-husband to
pay $675 per month until he paid his arrearage.  Consistent with the temporary
orders, and once Ex-husband exhausts his arrears, the trial court ordered his
child support obligation at $375 per month.  This appeal followed.

III.  Discussion

A.      Ex-husband’s
No-Evidence Summary Judgment Motion

In
his first issue, Ex-husband contends that the trial court erred by denying his
no-evidence motion for summary judgment.  Specifically, he argues that summary
judgment was proper because Ex-wife allegedly presented no evidence to defeat
the motion.

As a
general rule, appellate courts do not have jurisdiction to review on appeal the
denial of summary judgment.  Ackermann v. Vordenbaum, 403 S.W.2d 362,
365 (Tex. 1966); Hines v. Comm’n for Lawyer Discipline, 28 S.W.3d 697,
700 (Tex. App.—Corpus Christi 2000, no pet.).  In fact, where a motion for
summary judgment is denied by the trial court and the case is thereafter tried
on its merits, the order denying the motion for summary judgment is not
reviewable on appeal.  See Ackermann, 403 S.W.2d at 365; Horton v.
Horton, 965 S.W.2d 78, 88 (Tex. App.—Fort Worth 1998, no pet.).  While a
no-evidence motion for summary judgment differs in some respects from the
traditional motion for summary judgment, the comment to Rule 166a(i) states
that the denial of a no-evidence motion for summary judgment is no more
reviewable by appeal or mandamus than the denial of a traditional motion for
summary judgment.  Tex. R. Civ. P.  166a cmt.  Therefore, the denial
of a no-evidence motion for summary judgment should be treated the same as the
denial of a traditional motion for summary judgment.  See Hines, 28
S.W.3d at 700.  Accordingly, we have no jurisdiction to review the trial court’s
denial of Ex-husband’s no-evidence motion for summary judgment.  See In re
R.W., 129 S.W.3d 732, 744 (Tex. App.—Fort Worth 2004, pet. denied) (holding
that court of appeals had no jurisdiction to review a trial court’s denial of
motion for no-evidence summary judgment in a suit affecting the parent-child
relationship).  Thus, we dismiss Ex-husband’s first issue.

B.      Ex-husband’s
Increased Child Support Obligation

In
his second issue, Ex-husband argues that there is no evidence, or alternatively
insufficient evidence, to support the trial court’s order increasing his child
support obligation from $275 per month to $375 per month.  Specifically,
Ex-husband argues that because
Ex-wife failed to prove a material and substantial change to V.L.K.’s
circumstances since the 1999 divorce decree establishing child support, the
trial court could not have modified his obligation.

A
trial court is given broad discretion in decreasing or increasing child support
payments, and the court’s order will not be disturbed on appeal except on a
showing of a clear abuse of discretion.  In re Z.B.P., 109
S.W.3d 772, 781 (Tex. App.—Fort Worth 2003, no pet.)  The test for an abuse of
discretion is whether the trial court acted without reference to any guiding
rules or principles; that is, whether the act was arbitrary or unreasonable.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  Merely because a trial court
may decide a matter within its discretion in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an abuse
of discretion has occurred.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  Under
this standard, legal and factual sufficiency of the evidence are not
independent grounds for asserting error but are relevant in assessing whether
the court abused its discretion.  In re A.B.A.T.W., 266 S.W.3d 580,
584 (Tex. App.—Dallas 2008, no pet.).  We review the evidence in the light most
favorable to the order and indulge every presumption in favor of the trial
court’s ruling.  Id.  If some probative and substantive evidence
supports the order, there is no abuse of discretion.  Id.

The
trial court may modify a previous child support order if “the circumstances of
the child or a person affected by the order have materially and substantially
changed” since the date of the order’s rendition.  Tex. Fam. Code Ann. § 156.401(a)(1)(A)
(West 2008).  In determining whether there has been a material and substantial
change in circumstances, the trial court must examine and compare the
circumstances of the parents and any minor children at the time of the initial
order with the circumstances existing at the time modification is sought.  In
re C.C.J., 244 S.W.3d 911, 918 (Tex. App.—Dallas 2008, no pet.).  The party
seeking to modify a child support order has the burden to prove a material and
substantial change in circumstances.  In re Z.B.P., 109 S.W.3d at 781.

A
trial court’s determination as to whether there has been a material and
substantial change of circumstances is not guided by rigid rules and is fact
specific.  Id. at 779.  For example, a
change in custody of a child is, in and of itself, a material and substantial
change.  Labowitz v. Labowitz, 542 S.W.2d 922, 925 (Tex. Civ.
App.—Dallas 1976, no writ) (father’s appointment as managing conservator of
children constituted material and substantial change requiring reallocation of
financial obligations); In re Z.B.P., 109 S.W.3d at 781–82
(modification order giving father right to establish children’s primary
residence was material and substantial change requiring reallocation of
financial resources).  The trial court may also consider the child support
guidelines in chapter 154 of the family code in determining whether there has
been a material and substantial change of circumstances.  Tex. Fam. Code Ann. § 156.402(a)
(West 2008); In re A.B.A.T.W., 266 S.W.3d at 584.  If the amount of
ordered child support does not substantially conform with the child support
guidelines, the trial court may modify the order to conform with the guidelines
if the modification is in the best interests of the children.  Tex. Fam. Code
Ann. § 156.402(b); In re A.B.A.T.W., 266 S.W.3d at 584.  It is
presumed a child support payment established by the guidelines is in the best
interest of the child.  Tex. Fam. Code Ann. § 154.122(a) (West 2008).

          Here,
there is ample evidence that because of Ex-wife’s current husband’s military
service, V.L.K. has moved with Ex-wife to both Germany and Hawaii.  Both of
these moves required a lifting of the original domicile restriction and serve
as evidence of a substantial and material change in circumstances. 
Furthermore, the child support amount that is now at $375 per month is now more
in line with the child support guidelines than the previous $275 monthly
obligation.  Both of these changes in circumstances are probative and
substantive evidence supporting the trial court’s order.  Additionally, Ex-wife
testified that V.L.K. now had frequent bouts with tonsillitis which required
medical attention and the potential need for a tonsillectomy.  See In re
Marriage of Hamer, 906 S.W.2d 263, 265–67 (Tex. App.—Amarillo 1995, no
writ) (holding that a parent’s testimony showing a substantial
increase in the designated expenses
of a child is enough to establish a material
and substantial change in circumstances).  Thus, the trial court did not abuse its
discretion by increasing Ex-husband’s child support payments.  We overrule
Ex-husband’s second issue.

C.      Notice
of Final Hearing

In
his third issue, Ex-husband argues that the trial court lacked jurisdiction to
award Ex-wife arrears because Ex-husband was allegedly never properly served
notice of the final enforcement hearing under Texas Family Code Section
157.062.  See Tex. Fam. Code Ann. §§ 157.263, 157.062 (West 2008).

Failure to
give the notice required by Section 157.062 does not render the proceeding void
unless the lack of notice amounts to a denial of constitutional due process.  Ex parte
Davis, 161 Tex. 561, 563, 344 S.W.2d 153, 155 (1961); Ex parte
Sturdivant, 544 S.W.2d 512, 513–14 (Tex. Civ. App.—Texarkana 1976, orig.
proceeding).  Contrary to Ex-husband’s argument, the trial court does not lack
jurisdiction even when a hearing is held in less than ten days.  Ex parte
Boyle, 545 S.W.2d 25, 27 (Tex. Civ. App.—Houston [1st Dist.] 1976, no
writ).

At
the hearing, Ex-husband appeared with counsel.  He testified extensively about
his relationship with V.L.K.; previous child support payments he had made to
Ex-wife; other purchases for V.L.K. that he allegedly made in addition to child
support; why he had ceased payments when Ex-wife moved from Denton County; and
how he would handle purchases, school, and medical needs for V.L.K. if he was
ordered possessory conservator.  See Ex parte Waldrep, 783 S.W.2d
332, 334 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (holding that
ex–husband was not denied due process merely because contempt hearing
on his failure to make child support
payments was held on less than ten days’ notice
where he voluntarily appeared at hearing and participated fully in proceedings).  We hold that no due
process violation occurred and overrule Ex-husband’s third issue.

D.      The Written Agreement Entered Into
After Final Divorce Decree

In
his fourth issue, Ex-husband contends that the trial court erred by modifying
the parties’ written agreement that was entered into after the final divorce
decree that established matters of custody and child support.  Specifically,
Ex-husband states that absent a finding of fraud, coercion, or mistake, the
trial court lacked authority to modify the parties’ own written agreement. 
Ex-husband’s main complaint seems to be that the trial court could not have
found that he owed back child support payments because the written agreement
excused him from the obligation.

It
is true that Texas Family Code Section 153.007 provides that the parties to a
dispute regarding conservatorship, or possession and access, or both, may
amicably settle their disputes by entering into an agreed parenting plan.  Tex.
Fam. Code Ann. § 153.007.  But even agreed-to matters of conservatorship
or possession are subject to the trial court’s approval after considering the
child’s best interest.  Id.  And the trial court plays an integral role
in child support proceedings to ensure the protection of the child’s best
interest.  Chenault v. Banks, 296 S.W.3d 186, 190 (Tex.
App.—Houston [14th Dist.] 2009, no pet.); Williams v. Patton, 821 S.W.2d
141, 143–44 (Tex. 1991); London v. London, 192 S.W.3d 6, 15 n.4 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  Private agreements to modify
child support obligations that bypass this protection—the trial court’s
integral role—are thus against public policy and unenforceable.  See
Williams, 821 S.W.2d at 147–48; Sudan v. Sudan, 145 S.W.3d 280, 285
(Tex. App.—Houston [14th Dist.] 2004), rev’d on other grounds, 199
S.W.3d 291 (Tex. 2006); State v. Borchers, 805 S.W.2d 880, 882 (Tex.
App.—San Antonio 1991, writ denied).

A
final judgment containing a child support order remains in effect until
modified by the court.  See Gonzalez v. Tippit, 167 S.W.3d 536, 542
(Tex. App.—Austin 2005, no pet.); In re D.S., 76 S.W.3d 512, 517
(Tex. App.—Houston [14th Dist.] 2002, no pet.).  Thus, if the parties agree to
modify child support, they must take their agreement to the trial court, which
will make orders as necessary to ensure that the child support obligations
continue to serve the best interest of the child.  See Williams, 821
S.W.2d at 143–44; Kurtz v. Kurtz, 158 S.W.3d 12, 20 (Tex. App.—Houston
[14th Dist.] 2004, pet. denied); Sudan, 145 S.W.3d at 285.

In
this case, neither Ex-husband nor Ex-wife asked the trial court to modify the
child support obligations found in the original divorce decree to allow
Ex-husband to cease paying child support when Ex-wife moved to Germany.  And
there is simply no explanation as to why Ex-husband ceased paying child support
once the temporary orders lifting the domicile restriction and increased child
support were in place.  Ex-husband’s statement in his brief that he filed the
parties’ written agreement with the trial court will not suffice to show the
trial court approved of the agreement; even Ex-husband testified that the
agreement “was not heard by a judge.”  Because the trial court never made a
finding that the written agreement between Ex-husband and Ex-wife was in the
best interest of V.L.K., it was unenforceable.  And there is ample evidence in
the record that Ex-husband ceased child support payments for two extended
periods of time—once when Ex-wife moved to Germany and again after the
temporary orders increased Ex-husband’s child support obligation from $275 to
$375 per month.  We overrule Ex-husband’s fourth issue.

IV.  Conclusion

Having
dismissed Ex-husband’s first issue and overruled Ex-Husband’s remaining three
issues, we affirm the trial court’s order.

 

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.