### Joe Thompson v. The State.

#### No. 5113.  Decided October 23, 1918.

**1.—Theft—Convict—Pardon—Evidence—Rule Stated—Surprise—Postponement.**

It seems to be well settled that where a convict witness is offered, and objection is made on that ground, then in order to permit his testimony it must be shown, by the production of his pardon, that he has been restored to his citizenship; the State could have waived this, but raising the objection, oral statements that the defendant had been pardoned could not be introduced in evidence, and in the absence of the statement of facts, testimony as to an application for postponement or continuance on the ground of surprise can not be considered.

**2.—Same—Statement of Facts—Want of Approval—Charge of Court.**

Where a so-called statement of facts was not approved by the trial judge it can not be considered on appeal, and in the absence of such statement of facts questions with reference to the charge of the court can not be considered.

Appeal from the District Court of Denton. Tried below before the Hon. John Speer.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with the theft of forty bushels of wheat of the value of one hundred dollars from T. A. Cole.

A bill of exceptions recites an application of appellant for a continuance or postponement. This application shows that when he offered his witness Sexton it developed he had been convicted of a felony and served a term in the penitentiary, but had been pardoned. It is shown that the witness did not have his pardon' with him, but that it was in Mills County. Appellant also swore in his application that he was unaware of this condition of his witness, and for this reason asked a postponement or continuance so that he might present the pardon, the State having objected to the witness testifying unless he produced the pardon. The court qualifies this bill by stating that the State introduced the witness Pat Gallagher, sheriff of Denton County, who stated before he arrested appellant in this case ,he heard a conversation between the defendant and the witness Sexton in which defendant stated to the witness Sexton that he, defendant, had gotten him out of the penitentiary once and had kept him out another time, and now he, witness, was turning him, defendant, in, from which testimony on the motion the court concluded the defendant knew that witness had been in the penitentiary, and could not be surprised upon hearing witness so testify, and for this reason he did not permit defendant to withdraw his announcement, and postpone or continue the case. This developed during the trial, it is to be presumed from the statement in the application. In the absence of statement of facts, which can not be considered because not approved by the judge, and under the statement made by the trial judge of the testimony of Gallagher in this connection, we are of opinion that the court did not commit reversible error. It seems to be well settled that where a convict witness is offered, and objection is made on that ground, then in order to permit his testimony it must be shown by the production of pardon that he has been restored to his citizenship where it is urged. The State could have waived this and raised no objection, and the witness could have testified on his oral statement that he had been pardoned, but this is not waived by the State but used as a reason why the witness should not testify. Under the adjudicated cases of this State this ruling of the court was correct.

There are some questions with reference to the charge which can not be considered in the absence of statement of facts. There is what purports to be a statement of facts accompanying this record, but it is not approved by the trial judge. It is signed by the lawyers. Without the approval of the judge the statement of facts can not be considered.

As this record presents itself to this court we are of opinion that no reversible error is shown, and the judgment must be affirmed.

*Affirmed*