NORMAL SMITH v. THE STATE.

No. 12833.   Delivered December 4, 1929.

The opinion states the case.

*Gates, Harper & Cox* of Huntsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully carrying a pistol; the punishment a fine of one hundred dollars.

Appellant challenged the array of jurors, calling attention to Art. 2104, R. S. 1925, and others, requiring the appointment of jury commissioners at a previous term, and pointing out the fact that no jury commission had been appointed at the previous term, but that the jurors had been summoned by the sheriff. It is the rule that the right to set aside the panel for the reasons stated in the challenge to the array does not accrue where the failure to select a jury commission is due to good cause. Such right accrues only when the failure reflects an arbitrary or wilful action upon the part of the trial court. Butler v. State, 299 S. W. 420, and authorities cited. To entitle appellant to quash the panel, it was incumbent upon him to introduce testimony to show not only that the court, in the present instance, had failed to select jury commissioners, but that in doing so his action was wilful or arbitrary. It was conceded that no jury commission had been selected, but the qualification appended to appellant's bill of exception shows that the court's action in failing to appoint a jury commission at the term previous to appellant's trial was not wilful or arbitrary.

We find in the record a purported statement of facts. It was not approved by the trial judge and cannot be considered. Burns v. State, 288 S. W. 1087; Thompson v. State, 205 S. W. 988; Steel v. State, 5 S. W. (2d) 517.

Whether the refusal of the court to submit the special charges found in the record constitutes error cannot be determined in the absence of a statement of facts.

No error being presented, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.