MARION WALKER V. THE STATE.

No. 19171. Delivered November 24, 1937.

The opinion states the case.

*D. A. Fraser,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Conviction is for aggravated assault, punishment being assessed at a fine of $1,000.00, and confinement in the county jail for one year.

The information and complaint contained two counts, the first charging an assault by an adult male upon a child, the second charging that the assault was by means which inflicted disgrace upon the same named child. The complaint and information were filed in court on the 4th day of February, 1937, and. alleged the date of the offense to have been on or about the 30th day of January, 1937. The case was tried before the judge, a jury having been waived.

We see no necessity for reciting the filthy and revolting facts developed on the trial. As we understand them two transactions were proven, either of which would support the averments in the first count of the information, and seven transactions were proven, any of which would support the averments in the second count.

An indictment or information may charge in separate counts different misdemeanors, and. a conviction had on each which the proof sustains. Alexander v. State, 27 Texas Crim. Rep., 536, 11 S. W., 628; Branch's Ann. Tex. P. C., Sec. 509, and cases there cited.

We take from Branch's Ann. Tex. P. C., page 234, the following text with supporting authorities:

"In a misdemeanor case where the indictment or information contains but one count and the evidence shows more than one similar offense, an election by the State may be required. Street v. State, 7 Texas Crim. App., 8; Larned v. State, 41 Texas Crim. Rep., 509, 55 S. W., 826; Williams v. State, 44 Texas Crim. Rep., 316, 70 S. W., 957; Thweatt v. State, 49 Texas Crim. Rep., 617, 95 S. W., 517; Golden v. State, 160 S. W., 957."

Only one bill of exception is found in the record. It reflects that after the evidence was all introduced appellant's attorney addressed the court saying:

"At this time I wish to make a motion that the case be dismissed against the defendant on account of the fact that the testimony of the witness Bennie Flores has been impeached and that there is no corroboration as to these actual facts complained of in this assault case; and before making a statement I want to ask the district attorney to make up his mind on what date he is relying."

The attorney representing the State replied: "We are going to rely on the date on or about February 15, 1937, with reference to that, in the first place, in the case of aggravated assault."

The court then said: "Never mind, I am going to give him a thousand dollar fine and a year in jail."

. The bill then continues as follows: "The defendant, in open court, then and there excepted to the action and ruling of the court because the court thereby shut off argument, and deprived the defendant of the right in this case of having the second count dismissed, and deprived the defendant of the opportunity of amplifying his motion, and of having the State elect a possible date upon which to base a conviction."

It will be seen from the above that the attorney representing the State elected to rely upon the date of February 15, 1937, as the act upon which the appellant was to be finally tried. In so far as this prosecution was concerned, this was an improper date upon which to rely, the complaint having been filed on February 4, 1937, and alleging the date of the offense to have been on or about January 30, 1937. That the defendant had the right to request such election is clear as shown by the above quotation from Branch's Ann. Tex. P. C., but we are at a loss to understand the reason for the selection of February 15th as such selected date. There is no testimony fixing any offense on such date, and there could not have been such introduced under the allegations in the complaint and information, it being elementary that the allegations and proof must correspond, and testimony of an offense committed eleven days after the filing of such complaint could not have been properly introduced nor relied upon.

It can also be gathered from this bill of exceptions No. 1 that the appellant's counsel desired to make a statement to the court, presumably an argument in this case, and on account of the abrupt termination of the trial by the court's rendition of its judgment, he was precluded therefrom.

Art. 1, Section 10, of our Constitution, commonly called the Bill of Rights, guarantees to a person charged in a criminal

prosecution "the right of being heard by himself or counsel, or both," and we are constrained to believe that this appellant was not accorded that right under the procedure herein complained of. We can readily see that on account of the revolting nature of the crime charged, and the nauseating testimony introduced in support thereof the trial court could see no valid reason for continuing further to listen to such details, nor an argument relative thereto, but under the circumstances it is our opinion that he fell into error as shown by this bill in precluding appellant's attorney from exercising his rights. Anselin v. State, 160 S. W. Rep., 713.

In accordance with this opinion this cause is reversed and remanded.

*Reversed and remanded.*