### BUSTER MAYES v. THE STATE.

No. 23675. Delivered June 4, 1947.
Rehearing Denied June 25, 1947.

■■■■■■■■■■

*L. V. Abernathy,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault upon Walter Murchison, and by a jury fined the sum of $500.00 and sentenced to serve six months in the county jail, and he appeals.

There is found in the record what purports to be a statement of facts. However, we find that such instrument is not signed and approved by the County Judge trying the case, and we therefore cannot consider the same. See Steel v. State, 5 S. W. (2d) 517; Smith v. State, 22 S. W. (2d) 460; Norwood v. State, 291 S. W. 249; Article 760, note 24, Vernon's Ann. Tex. C. C. P.

We are unable to appraise the bills of exception in the absence of the statement of facts.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

By the certificate of the trial judge accompanying appellant's motion for rehearing, it is now made to appear that the statement of facts was properly approved and filed.

The State's testimony shows a violent, unjustified and unprovoked attack by appellant and the infliction of serious bodily injuries upon the injured party.

The facts are deemed sufficient to support the jury's conclusion of guilt.

The information contained three counts, two of which charged appellant with aggravated assault upon one Walter L. Kaiser while the third charged aggravated assault upon Walker Murchison. The third count, alone, was submitted. The conviction, here, rests upon that count.

Appellant, by motion to quash, challenged the information as being duplicitous because separate offenses are charged in separate counts in the same information.

Such procedure is permissible in misdemeanor cases such as this. Branch's P. C., Sec. 509; Walker v. State, 110 S. W. (2d) 578, 133 Tex. Cr. R. 300; Ward v. State, 185 S. W. (2d) 577.

Bills of Exception Nos. 6 and 7 complain of argument of State's counsel. In each instance the trial court sustained the objection and instructed the jury not to consider same.

The arguments violated no mandatory statute, nor were they of such a nature as to be incapable of withdrawal. In fact, the arguments appear to have been deductions from the facts.

Other bills of exception have been examined and are overruled without discussion.

No reversible error appearing, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.