## Ex parte Wiley Allan LOREANT, Relator.

### No. 15744.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 14, 1971.

Raeburn Norris, Houston, for relator.

BELL, Chief Justice.

This is an original habeas corpus proceeding.

Relator was held in contempt of court by the judge of the Juvenile Court No. One of Harris County for refusal to pay child support and alimony of $75.00 per week as directed by the court's order of April 20, 1970. That order fixed the payments to be made during the pendency of the divorce suit filed by Bonnie Louise Loreant against Relator. The first payment was to be made April 25, 1970.

The court's order finding Relator guilty of contempt recited the court "found respondent (Relator here) guilty of contempt." The order then adjudged that "Wiley Allan Loreant is and is hereby held guilty of contempt of this Court's Temporary order * * * wherein he was ordered to pay * * * the sum of $75 per week * * * and finds that the respondent is in arrears eight payments * * * in the amount of Six Hundred Five Dollars.

It is ordered that the Respondent be remanded to the custody of the Harris County Sheriff and that he be incarcerated * * * for three days for each payment he is in arrears." The total punishment therefore fixed was 24 days' imprisonment. No fine authorized by Article 1911 is involved here.

It is Relator's position that under Article 1911, Vernon's Ann.Tex.St., he could only be punished for wilful failure and refusal to pay by being confined for 3 days. The record shows that he had served 5 days prior to his release on bond fixed by this court.

We are of the view that when a court's order fixing child support payments or alimony pendente lite, or both, at a fixed amount for a designated period of time, payment of the periodic amounts to be made at a time as determined by said order, places on the person ordered to make the payment the obligation to make each payment at the time directed. The wilful failure or refusal to pay each periodic payment at the time it is payable places such person in contempt of court. Each such failure or refusal is a separate act of contempt and the punishment provided in Article 1911, V.A.T.S., may be assessed for each separate act even though the motion for contempt charges several violations and there is only one proceeding. This is possible, however, only if the motion for contempt sets out specifically distinct and separate violations of the order. A general complaint that a person has violated the order by failing or refusing to make the payments ordered does not suffice to charge separate, distinct and independent acts of contempt. The motion for contempt is comparable to an indictment or information and complaint charging several different misdemeanors. The complaint and information or indictment must, in separate counts, charge the distinct misdemeanors. When such is done there may be one trial on all of the offenses charged and the punishment prescribed by law may be assessed for each offense of which the defendant is found guilty. Ex Parte Genecov, 143 Tex. 476, 186 S.W.2d 225 (Tex.Comm.App.), opinion adopted.

In the case before us the "Motion for Contempt" recited that on April 20, 1970 Relator was ordered to contribute $75 per week child support, payment to be made each Saturday, the first payment to be made April 25, 1970. It is then charged only that Relator "has failed and refused and still fails and refuses to comply with said order * * *"

This motion does not comply with the requirements discussed in Ex Parte Genecov, supra, and would authorize punishment for only one act of contempt.

It appearing that Relator has served five days in jail, he is ordered discharged.