**Ex parte Donald Wayne WOOD, Relator.**

No. 10–84–151–CV.

Court of Appeals of Texas, Waco.

Aug. 30, 1984.

Mac L. Bennett, Jr., Normangee, for relator.

## OPINION

McDONALD, Chief Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a VATS, in which relator Donald Wayne Wood, seeks release from the custody of the Sheriff of Leon County.

Relator and Vicki Arlene Wood [Gaskin] were divorced by decree signed on March 16, 1984, in the 87th District Court of Leon County. The decree required relator to pay $300.00 per month child support for the parties' two minor children.

On April 5, 1984, Vicki Arlene Wood filed motion alleging relator $600.00 in arrears with his child support payments. After hearing the trial court on April 13, 1984, entered order finding relator "is not in contempt of court", and ordered him discharged.

On May 23, 1984, Vicki Arlene Wood [Gaskin] filed motion alleging relator $800.00 in arrears with his child support payments and that he had disobeyed the trial court's order on returning the children after visitation, and prayed he be held in contempt. After hearing on June 8, 1984, the trial court (by order signed June 20, 1984), found relator $500.00 in arrears; found relator failed to obey the trial court's

order to return the children to Vicki after a visitation; held relator in contempt of court; fixed punishment at 3 days in jail and further confined in jail until he paid $500.00 arrearage plus $58.00 court costs.

Relator was committed to the Leon County jail on July 26, 1984. On August 15, 1984, he filed petition for writ of habeas corpus in this court alleging he is illegally restrained of his liberty.

This court ordered the writ issued and ordered the Sheriff of Leon County to produce relator in this court on August 28, 1984, for hearing.

After hearing on August 28, 1984, this court ordered relator released on $500.00 bond pending final disposition.

■ The original divorce decree signed on March 16, 1984, orders payment of child support of $300.00 per month.[1]

■ Thus the trial court properly on April 13, 1984, found relator "not in contempt" and properly ordered him discharged. When Vicki filed her second motion to hold relator in contempt on May 23, 1984, he owed ($300.00 as of April 16) and ($300.00 as of May 16) for a total of $600.00; less $200.00 relator paid in April and less $200.00 relator paid in May. Thus at trial date of June 8, 1984, relator owed a total of $200.00 arrearage in child support (insofar as enforcement by contempt is concerned).

As noted the trial court found relator in contempt for arrearage of $500.00 and in contempt for failing to return the children as ordered, and decreed punishment at 3 days confinement in jail and thereafter until he purge himself by paying $500.00 arrearage plus $58.00 court costs.

The penalty is affixed for both acts of alleged contempt; and since relator could not be held for arrearage of $500.00 as of June 8, 1984, the whole judgment is tainted and void and relator is illegally restrained of his liberty under such order. *Ex parte*

1. It orders payment to commence on February 15, 1984, but is void for contempt purposes except for payments of $300.00 per month to commence March 16, 1984, with first payment due on April 16, 1984. *Ex parte Finn, CA* (Dallas) 615 S.W.2d 293.

*Turner, CCA* (Houston 1st), 478 S.W.2d 256; *Ex parte Werner, CCA* (San Antonio), 496 S.W.2d 121; *In Re Newton, CCA* (Houston 14th), 534 S.W.2d 194; and *Ex parte Harwell, CCA* (Waco), 538 S.W.2d 667.

RELATOR DISCHARGED.