**Ex parte George Joseph OLIVER.**

**No. 2–87–090–CV.**

Court of Appeals of Texas,
Fort Worth.

Sept. 10, 1987.

George Joseph Oliver, pro se.

Barlow, Garsek & Bowers and Dwayne Hoover, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Relator, George Joseph Oliver, brings us this application for writ of habeas corpus, complaining that he is being unlawfully confined in the Tarrant County jail pursuant to findings that he was in contempt of court for his failure to make payments of temporary support pursuant to temporary orders and pursuant to his final divorce decree, pending appeal. He contends that the trial court erred in finding him guilty of contempt for failing to make payments on April 25, 1987, a date not specifically alleged in the motion for contempt; that he could not be punished for contempt because thirty days had not elapsed from the date the April 25, 1987 payment was due until the motion for contempt was filed; that he could not be found in violation of temporary orders entered April 24, 1986, because they were superseded by the final decree of December 17, 1986; that temporary orders contained in the final divorce decree are unenforceable because they were not entered in accordance with TEX. FAM.CODE ANN. secs. 3.58(h) and 3.59 (Vernon Supp.1987); and that the presumption of his ability to pay constitutes a violation of his right to due process of law.

We reject the majority of Oliver's contentions and order him remanded to the custody of the Tarrant County Sheriff.

Oliver's first contention is that the trial court erred by finding him guilty of contempt for failing to make payments on April 25, 1987, a date not specifically alleged in the motion for contempt. He does not complain that he did not receive notice of the specifically alleged violation of March 25, 1987.

■ A motion for contempt is comparable to an indictment or information and complaint charging several different misdemeanors. *Ex parte Loreant,* 464 S.W.2d 223, 224 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). Punishment for more than one act of contempt is possible in one proceeding only if the motion for contempt sets out specifically distinct and separate violations of the order. *Id.*

In the case at bar, the motion for contempt alleges the following:

Respondent has disobeyed the Order and Decree as follows: Respondent failed to pay the required temporary support for March 25, 1987. If Respondent fails to make any other payment for temporary support before the time the Court considers this Motion for Contempt, then the Court should also consider any such failure as a separate act of Contempt.

The motion for contempt was heard on May 4, 1987. The Court found Oliver to be in contempt for failing to make temporary support payments on March 25, 1987 and April 25, 1987, as previously ordered by the court. The court assessed his punishment for the first violation at ten days confinement in the Tarrant County jail and until $300 arrearage is paid. Punishment for the second violation was assessed at 20 days confinement in the Tarrant County jail and until $750 arrearage is paid.

■ The court could not proceed to find Oliver in contempt for failing to make the April 25, 1987 payment, since the motion for contempt did not, in a manner comparable to a criminal information, allege specifically and distinctly that Oliver failed to make the April 25, 1987 payment. We also note that a criminal defendant in a misdemeanor case may not be convicted of an offense which occurs subsequent to the date of the filing of the information. *Walker v. State,* 133 Tex.Cr.R. 300, 110 S.W.2d 578, 579–80 (1937). We have previously held that contempt proceedings are quasi-criminal proceedings which should conform as nearly as practicable to proceedings in criminal cases. *Ex parte Byram,* 662 S.W.2d 147 (Tex.App.—Fort Worth 1983, no writ). We therefore find that the trial court was without authority to find Oliver in contempt for failing to make a payment on April 25, 1987, a charge which was not specifically and distinctly alleged in the motion for contempt, and a charge for a violation of contempt

which would have occurred subsequent to the filing of the motion for contempt.

We note, however, that Oliver has not fully satisifed the terms of punishment for his failure to pay support on March 25, 1987. We must therefore consider his remaining assertions.

Oliver asserts that he could not be held in contempt for the violation of temporary orders of spousal support in view of a subsequent decree of divorce, even though the support order is incorporated and made a part of the divorce decree. He asserts that the trial court's failure to make its order, in accordance with section 3.58(h) of the Family Code, after he had perfected his appeal, makes the order a legal nullity and not enforceable.

■ Section 3.58(h) of the Family Code was adopted in 1985. It allows the trial court, within thirty days after an appeal has been perfected, after notice and hearing, to order spousal support pending the appeal.

Prior to the adoption of section 3.58(h), it had been held that the trial court had the authority to order the payment of alimony pending appeal, but that such a provision must be included in the divorce decree. *Trevino v. Trevino,* 555 S.W.2d 792, 800 (Tex.Civ.App.—Corpus Christi 1977, no writ).

It appears, then, that the purpose of the adoption of section 3.58(h) was to extend the authority of the trial court to order support after an appeal had been perfected, when such support had not been ordered in the original decree. We find no indication that the section was intended to deprive the trial court of its recognized authority to order, in the divorce decree, temporary support pending appeal.

■ Oliver argues that his due process rights were violated by placing the burden on him to show his inability to pay support. He is correct in his assertion that it has been held that involuntary inability to pay is a defensive matter on which the alleged

contemner has the burden of proof. *Ex parte Padfield,* 154 Tex. 253, 276 S.W.2d 247, 251 (1955); *Ex parte Burroughs,* 687 S.W.2d 444, 446 (Tex.App.—Houston [14th Dist.] 1985, no writ). Such a rule does not violate the contemner's due process rights. *Ex parte McIntyre,* 730 S.W.2d 411, 417 (Tex.App.—San Antonio 1987, no writ); *see also Ex parte Wilbanks,* 722 S.W.2d 221, 226 (Tex.App.—Amarillo 1986, no writ).

Oliver relies on the opinion of the Texas Court of Criminal Appeals in *Lowry v. State,* 692 S.W.2d 86 (Tex.Crim.App.1985) and the opinion of the San Antonio Court of Appeals in *Ex parte Lopez,* 710 S.W.2d 948 (Tex.App.—San Antonio 1986, no writ). *Lowry* involved a prosecution for criminal nonsupport, an offense which includes ability to pay as an element of the offense. This case involves a contempt proceeding in which the accused's ability to pay is not an element of the offense. *Ex parte Wilbanks,* 722 S.W.2d at 226. In *Lopez,* the San Antonio court had held that placing the burden of proof on a contemner to prove his inability to pay violates his due process rights. *Ex parte Lopez,* 710 S.W.2d at 955–56. The San Antonio Court of Appeals has subsequently overruled *Lopez* on the point raised by Oliver. *Ex parte McIntyre,* 730 S.W.2d at 417.

■ Finally, Oliver argues that he cannot be found in contempt or assessed punishment for contempt if he is not at least thirty days in arrears in his payments. He cites no authority for his position and we are not aware of any.

Since we have found that the judgment and sentence for contempt for relator's failure to make the temporary support payment of March 25, 1987, has not been shown to be void, the habeas corpus relief sought must be denied, even though we have sustained relator's position as to his sentence for the failure to make the April 25, 1987 payment. The relator, George Joseph Oliver, is remanded to the custody of the sheriff of Tarrant County to serve the remainder of the ten days confinement assessed for his failure to comply with the

court's order to pay support on March 25, 1987; and he shall thereafter be confined until he has paid $300 to movant, through movant's attorney, Dwayne Hoover, or his designated agent at his office at 3815 Lisbon Street, Fort Worth, Tarrant County, Texas 76107, as temporary support arrearage through March 25, 1987; and he shall be further confined until he has paid $613 as costs of this proceeding to the attorney for movant, Dwayne Hoover, or his designated agent, at his office at 3815 Lisbon Street, Fort Worth, Tarrant County, Texas 76107.