Richard W. Schmude, Tomball, for Appellant.

John Lohmann, 3rd., Houston, for Appellees.

Before HEDGES, TAFT and HUTSON–DUNN, JJ.

### Ex parte Wayman Henry CHUNN, III, Relator.

#### No. 01–95–00803–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 2, 1995.

## OPINION

HUTSON–DUNN, Justice.

Relator asserts he is being illegally restrained in connection with a child support matter and seeks a writ of habeas corpus from this Court. Relator is out of jail on bond pending our final determination of this matter.

On June 23, 1995, the trial court found relator in contempt of its January 9, 1995, temporary order pending appeal for failure to pay as additional alimony[1] the $912 per month house note, for the months of March,

---

**1.** The trial court also ordered relator to pay his ex-wife, Ms. Chunn, $240 per month as temporary alimony.

April, May, and June of 1995 on 3015 Cherry Hills Rd., the former marital home. For this contempt, the court sentenced him to 10–days confinement and thereafter until he paid the total arrearage of $3,648. The court suspended the sentence and provided that relator could purge himself of the contempt by paying to Ms. Chunn, the arrearage as follows: (a) $1,000 on July 1, 1995; (b) $1,000 on August 1, 1995; (c) $1,000 on September 1, 1995; and (d) $648 on October 1, 1995.

Relator failed to make the $1,000 payment on July 1, 1995, and Ms. Chunn moved to have him confined. On July 13, 1995, the court issued an order of commitment and had relator confined.

**Ground Four—Violation of Due Process**

 In his fourth ground for relief, relator asserts he is illegally restrained because the trial court's finding of contempt for failure to make the June 1995 house payment violated his right to due process under the fourteenth amendment to the United States Constitution. Specifically, relator complains that Ms. Chunn's motion for contempt, filed May 11, 1995, alleges relator failed to make the March through May house note payments and then alleged that "Movant believes that Respondent will continue to disobey the Orders of the Court by not paying the monthly mortgage notes due in June, 1995; July, 1995; and August, 1995." Relator contends his right to due process was violated because the trial court found him guilty of an offense that occurred after the filing of the motion for contempt.

In a similar case, *Ex parte Oliver*, 736 S.W.2d 277 (Tex.App.—Fort Worth 1987, orig. proceeding), the court held that a motion for contempt is comparable to an indictment or information and complaint charging several different misdemeanors. *Id.* at 278. Further, the *Oliver* court noted that a criminal defendant in a misdemeanor case may not be convicted of an offense that occurs subsequent to the date of the filing of the information. *Id.* On facts similar to the instant case, the *Oliver* court held the trial court was without authority to find Mr. Oliver in contempt for an offense that occurred after the filing of the motion for contempt.

*Id.* at 278–79. Similarly, in this case, the trial court found relator guilty of an offense occurring after the filing of the motion for contempt. Thus, such a finding was void.

The trial court's order assessed one 10–day period of punishment for multiple offenses. We have held the contempt finding for nonpayment in June to be void. Thus, the entire contempt order is void. *Ex parte Lee*, 704 S.W.2d 15, 17 (Tex.1986); *Ex parte Wood*, 675 S.W.2d 346, 347 (Tex.App.—Waco 1984, orig. proceeding).

Accordingly, we hold relator's right to due process was violated and order him released from liability on his bond and from restraint by the Sheriff of Fort Bend County, Texas.