Opinion issued August 4, 2009










In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00666-CV

____________


IN RE ALICIA M. COFFER, Relator






Original Petition for Writ of Habeas Corpus






MEMORANDUM OPINION

 Relator, Alicia M. Coffer, requests habeas corpus relief from three court orders:
(1) "Order Revoking Suspension and For Commitment to County Jail," signed by the
trial court on July 31, 2008, (2) "Order Holding Respondent in Contempt For Failure
to Pay Child Support, Granting Judgment, and For Commitment to County Jail,"
signed by the trial court on August 1, 2008, and (3) "Order Holding Respondent in
Contempt For Failure to Pay Child Support, Granting Judgment, and For
Commitment to County Jail, and Order Revoking Suspension and for Commitment
to County Jail," signed on February 3, 2009. We set aside and vacate the July 31,
2008 and August 1, 2008 orders and deny habeas corpus relief as to the February 3,
2009 order. Regarding the February 3, 2009 order, we strike from it the void portions
and deny habeas corpus relief regarding the balance of the order.

Factual Background


 1. First Motion for Enforcement

 On August 3, 2007, real party in interest, Ivan Marsh, filed a motion for
enforcement by contempt, asserting that Coffer had failed to comply with the trial
court's March 20, 2006 child support order by not making the required $135 per
month child support payments from April 1, 2006 to July 1, 2007. Additionally,
Marsh alleged that based on Coffer's repeated past violations of the child support
order, he believed Coffer would also violate that child support order in the months
from August 1, 2007 to July 1, 2008. Marsh requested that the trial court find Coffer
in contempt, jail her, and fine her for each failure to pay the $135 child support from
the date of the filing of the motion to enforce until the date the motion would be
heard. As a civil-coercive contempt measure, Marsh also requested that the trial court
confine Coffer until she complied with the trial court's March 20, 2006 child support
order. 


 2. October 25, 2007 Contempt and Suspension of Commitment Order

 a. Contempt Portion of the Order

 On September 11, 2007, the trial court heard Marsh's motion for enforcement, 
and on October 25, 2007, it signed the order, ruling on Marsh's motion. The trial
court found that it had ordered Coffer to make the payments, that Coffer was in
contempt for not making the January 1, 2007 through September 1, 2007 payments,
and that, as punishment, Coffer should serve 180 days' confinement for each of the
nine offenses, to run concurrently. As a civil-coercive measure, the trial court also
ordered that Coffer should be confined until she paid: (1) $1,230.90 of child support
arrearage ($135 x 9 months [1/1/07-9/1/07] = $1,215 + $15.90 interest = $1230.90),
(2) the costs of the proceeding "as billed," and (3) $1,000 attorney's fees to Marsh's
attorney.

 b. Suspension of Commitment Portion of the Order

 The trial court suspended confinement, provided that Coffer comply with the
following terms and conditions: (1) pay the child support arrearage to Marsh, in
installments of $680 by September 18, 2007, $300 by October 12, 2007, and $250.90
by October 26, 2007; (2) pay costs "as billed;" (3) pay to Marsh's attorney as
attorney's fees, expenses, and costs, $150 per month, commencing November 1,
2007, with a like payment being due each month until the "entire judgment is paid;"
and (4) pay all continuing current child support as ordered by the trial court. 

 3. Second Motion for Enforcement and Motion for Suspension Revocation

 On June 25, 2008, Marsh filed a "Second Motion for Enforcement by Contempt
of Child Support Order, Motion to Revoke Suspension of Commitment and Order to
Appear." 

 a. New Alleged Contempt Violations

 Marsh alleged that on March 1, 2008, May 1, 2008, and June 1, 2008, Coffer 
violated the trial court's March 20, 2006 child support order that she make $135
monthly child support payments to Marsh on the first of each month. For each of
these alleged violations, Marsh requested that the trial court confine Coffer for a
period of up to 180 days. 

 b. Suspension of Commitment Revocation Allegations

 Marsh also alleged that Coffer had violated the terms and conditions of the
suspension of commitment as stated in the October 25, 2007 contempt and suspension
of commitment order. Marsh alleged that Coffer failed to make: (1) the September 18,
2007 payment of $680, the October 12, 2007 payment of $300, and the October 26,
2007 payment of $250.90; (2) satisfaction of a $225 balance of attorney's fees in $75
installments on February 16, 2008, May 16, 2008, and June 16, 2008; and (3) the
current child support payments of $135 as shown on Exhibit "A." In addition to
requesting that Coffer be confined for up to 180 days for each of these alleged
violations, Marsh also requested that the suspension of commitment be revoked and
that Coffer be committed in accordance with the October 25, 2007 order. The motion
contained an order to appear on July 22, 2008.

 4. July 22, 2008 Pre-Hearing Proceeding

 Coffer appeared before the trial court on July 22, 2008. The trial court
admonished Coffer regarding due process rights and reset the proceeding for July 31,
2008.

 5. July 31, 2008 Proceeding

 At the July 31, 2008 proceeding, the trial court heard evidence on Marsh's
second motion for enforcement and motion for suspension revocation.

 a. Bench Ruling on Revocation of Suspension of Commitment

 The trial court ruled from the bench that Coffer had violated the terms and
conditions of the October 25, 2007 suspension of commitment order in that she had
not made the child support arrearage payments of $680 on September 18, 2007, $300
on October 12, 2007, and $250.90 on October 26, 2007. The trial court found that the
balance owed on the total of those three payments was $419.09 in child support
arrearage. The trial court also found that Coffer owed a balance of $631.45 in
attorney's fees. The trial court revoked Coffer's suspension of commitment as to the
civil-coercive contempt provision of the October 25, 2007 order, holding that Coffer
could purge herself of the reinstated civil-coercive contempt measure by paying the
$419.09 and $631.45 that it found as the amounts still unpaid by Coffer under the
terms and conditions of the suspension of commitment.

 b. Bench Ruling on New Contempt Allegations

 Regarding the new contempt allegations, the trial court ruled from the bench
that Coffer had not complied with its prior orders by failing to make $135 periodic
child support payments for the months of May 1, 2008 and June 1, 2008. As
punishment, the trial court assessed Coffer 180 days' confinement for each of these
two offenses, to be served concurrently. The trial court assessed no fines.

 c. Summary of Bench Ruling

 In response to a query by Coffer for clarification, the trial court expounded upon
its ruling as follows:

 There are two different components to your jail sentence. The first
is what we call a civil coercive sentence, which is exactly what it sounds
like. It's putting you in jail to coerce you to do something. In this case,
its to make the payments that I recited on the record, whatever those
were, 412.43 and 631.45. That's the first part.

 The second part is what we call criminal contempt. A criminal
contempt for a day certain. In other words, in this case for 180 days. By
its very nature you are not allowed to purge yourself on a criminal
contempt. It's punishment- it's meant to be punishment, which means
you're going to jail for 180 days regardless of what you pay . . . .

 You can purge the civil day-to-day, but that will not release you
automatically from the Harris County Jail. If you wish to file a request
for release at a date later, before your 180-day sentence is actually up,
you can have that set for hearing and I'll take a look at it . . . .


 6. July 31, 2008 Revocation Order and Money Judgment

 The day of the hearing, the trial court signed its "Order Revoking Suspension
and For Commitment to County Jail," embodying its findings and holdings from the
bench relative to its revocation of the suspension of commitment, including its civil-coercive order committing Coffer to sheriff's custody until Coffer paid $412.43 to
Marsh and $631.45 to Marsh's counsel. The sheriff took Coffer into custody that day. 
The trial court also included within this order a cumulative money judgment against
Coffer and in favor of Marsh's counsel, Patricia Bushman, in the amount of $2,521.45
for attorney's fees, expenses, and costs, plus interest.

 7. August 1, 2008 Contempt Order and Money Judgment

 The next day, the trial court signed its "Order Holding Respondent in Contempt
for Failure to Pay Child Support, Granting Judgment, and for Commitment to County
Jail." In it, the trial court stated its findings that Coffer had violated its March 20,
2006 order that Coffer make $135 monthly child support payments on the first of the
month by not making such payments on either May 1, 2008 or June 1, 2008. The trial
court found Coffer in contempt for these two violations, assessed punishment of 180-days' confinement for each of them, to run concurrently, and ordered Coffer
committed to the sheriff's custody for 180 days, or until Coffer would otherwise be
legally discharged. Additionally, the trial court awarded Marsh a money judgment
against Coffer for child support arrearage and prejudgment interest in the amount of
$963.60, plus post-judgment interest.

 8. Petition for Writ of Habeas Corpus

 After a little more than a week in jail, Coffer filed her petition for writ of habeas
corpus with our Court. Coffer contends she is illegally restrained because the trial
court violated her right to due process. We ordered Coffer conditionally released on
bond, pending our determination of her petition.

 9. Marsh's Response to Coffer's Petition

 Marsh has filed a response to Coffer's petition, asserting that Coffer has
attempted to mislead this Court by (1) failing to attach to her petition or disclose to
this Court the record from the July 22, 2008 pre-hearing at which the trial court gave
her the necessary due process admonishments and (2) failing to attach to her petition
or disclose to this Court the August 1, 2008 trial court order holding her in contempt
and assessing her punitive confinement for not making her May 1, 2008 and June 1,
2008 current child support payments. For this, Marsh requests this Court to impose
sanctions on Coffer. Marsh attaches to his response an August 29, 2008 "Payment
History Report" of the Harris County Child Support System for Coffer that shows her
only recent payments as: $135 on 6/12/07, $1,100 on 11/7/07, $408 on 2/1/08, and
$140 on 4/17/08.

 10. Coffer's Reply and Supplemental Petition for Writ of Habeas Corpus

Coffer has filed a reply and a motion to supplement her petition for habeas
corpus relief. In her reply, Coffer asserts that her counsel were not even aware of the
August 1, 2008 order and writ of commitment until Marsh attached it to his response. 

We granted Coffer's motion to supplement her petition for writ of habeas
corpus. In her supplemental petition, Coffer asserts four additional reasons for habeas
corpus relief: (1) that the trial court's issuance of two orders violates a principle that
one trial should result in one judgment; (2) that the August 1, 2008 order and writ of
commitment were issued unreasonably long after the sheriff took her into custody on
July 31, 2008; (3) that the trial court violated Coffer's due process rights by issuing
the August 1, 2008 order and writ of commitment without Coffer being present in the
trial court on August 1, 2008; and (4) that the August 1, 2008 order and writ of
commitment are void because they violated her United States Constitution Fifth
Amendment protection against being subjected to punishment twice for the same
offense. 


11. Abatement and Remand to Trial Court

On December 4, 2008, we abated and remanded this case to the trial court due
to the Honorable Robert Hinojosa's election to the 312th District Court of Harris
County, Texas. See Tex. R. App. P. 7.2 (a), (b) (providing that when a public officer
is a party in an official capacity to an original proceeding and if the person ceases to
hold office before the original proceeding is finally disposed of, the officer's successor
is automatically substituted as a party if appropriate and if the case is an original
proceeding under Rule 52, the court must abate the proceeding to allow the successor
to reconsider the original party's decision). The trial court was instructed to review the
case and issue a decision by February 4, 2009. On February 3, 2009, after a hearing
with counsel for both parties present, the trial court signed an order stating that the
July 31, 2008 and August 1, 2008 orders were withdrawn. The new order included all
the substantive provisions from the two previous orders and did not include any new
findings or assess new punishment.

12. Coffer's Supplemental Petition for Writ of Habeas Corpus

Subsequently, on February 9, 2009 Coffer filed a motion to supplement her
petition for writ of habeas corpus and a request to remain free on bond. Coffer
contends the February 3, 2009 order once again violates her constitutional right to due
process and protection from double jeopardy. The petition claims the February 3,
2009 order is void because 1) it was signed after an unreasonable delay of 183 days,
2) it was signed without her presence at the February 3, 2009 hearing, 3) it was signed
without taking evidence at that hearing, and 4) it punishes her twice for the same
offense. We granted the motion to supplement the petition for writ of habeas corpus.
In addition we granted the request to remain free on bond and ordered the
supplemental petition for writ of habeas corpus to become an official part of this
original proceeding. Finally, we ordered that if Marsh wanted to file a response to
Coffer's supplemental petition, that he do so by March 9, 2009. Marsh has not filed
a response to Coffer's supplemental petition.

Standard of Review

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt
or innocence of the relator, but only to ascertain whether the relator has been
unlawfully confined. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). The
presumption is that the order is valid. In re Turner, 177 S.W.3d 284, 288 (Tex.
App.--Houston [1st Dist.] 2005, orig. proceeding) (citing Ex parte Occhipenti, 796
S.W.2d 805, 809 (Tex. App.--Houston [1st Dist.] 1990, orig. proceeding)). A writ of
habeas corpus issues if a trial court's contempt order is beyond the court's power or
the court did not afford the relator due process of law. Turner, 177 S.W.3d at 288
(citing In re Henry, 154 S.W.3d 594, 596 (Tex. 2005)). A relator bears the burden of
showing that she is entitled to relief. Turner, 177 S.W.3d at 288 (citing Occhipenti,
796 S.W.2d at 808-09).

Analysis

 I. July 31, 2008 Revocation Order Void--Violation Occurring After
Enforcement Motion's Filing Date

 

 Coffer argues that a finding in the first order of contempt, signed October 25,
2007, is void because one of the nine violations for failure to make child support
payments it lists occurred after the filing of the "Motion for Enforcement by Contempt
of Child Support Order and Order to Appear" (first motion for enforcement), violating
her due process rights. We agree.

 Here, in the first motion for enforcement, filed August 3, 2007, Marsh alleged
16 instances, April 1, 2006 through July 1, 2007, of Coffer not making the $135
monthly child support payment. Marsh also alleged that based on past violations, he
believed Coffer would fail, in the future, to make the $135 monthly child support
payments for the months of August 1, 2007 through July 1, 2008. In its October 25,
2007 contempt order, the trial court found Coffer violated its child support order nine
times; that is, that she did not make the required payments for the months of January
2007 through September 2007. By virtue of the first motion for enforcement, Coffer
was on notice that Marsh was charging her with actually having missed payments
through July 1, 2007. By holding Coffer in contempt for missing the August 1, 2007
and September 1, 2007 payments, the trial court's contempt findings included two
instances which the motion did not put her on notice of being charged with actually
having committed, as opposed to being accused that she would potentially commit. 
Coffer's petition complains about the September 1, 2007 finding only, omitting
mention of the August 1, 2007 finding. 

 A motion for contempt is comparable to an indictment or information and
complaint charging several different misdemeanors. Ex parte Chunn, 933 S.W.2d 534,
535 (Tex. App.--Houston [1st Dist.] 1995, orig. proceeding) (citing Ex parte Oliver,
736 S.W.2d 277, 278 (Tex. App.--Fort Worth 1987, orig. proceeding)). A criminal
defendant in a misdemeanor case may not be convicted of an offense which occurs
after the date of filing of the information. Oliver, 736 S.W.2d at 278. A trial court
finding that an alleged contemnor is guilty of an offense occurring after the filing of
a motion for enforcement is void. Chunn, 933 S.W.2d at 535. Here, because the trial
court found Coffer guilty of contempt for not making the September 2007 payment,
an offense that occurred after the August 3, 2007 filing of the motion for enforcement,
that finding is void.

 The $135 non-payment for September 2007, which we have held the trial court
illegally found, constitutes a portion of the $1,230.90 child support arrearage on which
the trial court based its civil-coercive confinement measure contained in the October
25, 2007 contempt order. Because the portion of the July 31, 2008 order revoking
suspension and for commitment to county jail and the July 31, 2008 writ of
commitment are based on reinstatement of that civil-coercive measure, we hold them
to be void, vacate them, and set them aside.

II. August 1, 2008 Contempt Order

 A. One Hearing--Two Orders

 In her reply to Marsh's response to Coffer's petition for habeas corpus relief,
Coffer asserts that the entry of two different judgments and writs of commitment
violates the principle that one trial results in one judgment. This ground for relief is
moot inasmuch as we have set aside the revocation portion of the July 31, 2008 order.

 B. Unreasonable Delay in Signing Order

 Coffer contends that the record shows that the August 1, 2008 order and writ
of commitment were signed more than 24 hours after she was taken into custody, and
that this constitutes an unreasonable delay, making the second writ of commitment
void, citing Ex parte Amaya, 748 S.W.2d 224 (Tex. 1988). Initially, we note that the
record does not show that the August 1, 2008 order and writ of commitment were
issued more than 24 hours after Coffer was taken into custody. Appendix E to
Coffer's petition, the sheriff's statement of restraint, shows only the day, July 31,
2008, not the time of day, that the sheriff took her into custody. Likewise, the August
1, 2008 contempt order and writ of commitment, show only the day, August 1, 2008,
not the time of day, that they were signed. 

 Further, the trial court may cause a contemnor to be detained by the sheriff or
other officer for a short and reasonable time while the judgment of contempt and order
of commitment are prepared for the judge's signature. Ex parte Barnett, 600 S.W.2d
252, 257 (Tex. 1980). In Amaya, the supreme court held that a three-day delay was
not a short and reasonable time to complete such a task, and that to hold otherwise
would allow the trial court to place a person in jail indefinitely without knowledge of
why he was being held in contempt. Amaya, 748 S.W.2d at 225. As in Ex parte
Hogan, 916 S.W.2d 82 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding),
Amaya is inapplicable in this case in that the trial court told Coffer why it was holding
her in contempt (1) and, in less than three days from the date of the hearing, signed a
enforcement/contempt order embodying that ruling. Id., 916 S.W.2d at 86; cf. In re
Butler, 45 S.W.3d 268, 271 (Tex. App.--Houston [1st Dist.] 2001, orig. proceeding). 
This ground for relief is without merit.

 C. Coffer's Absence From Court

 Coffer asserts she was denied due process because she was not present when she
was sentenced to jail. The record reflects, however, that Coffer was present when she
was sentenced to jail. At the conclusion of the July 31, 2008 hearing at which Coffer
was present, the trial court stated:

 The Court additionally finds that she is in contempt of court for failing
to make payments of $135 as periodic child support as ordered by this
Court on May 1, 2008 and June 1, 2008. The Court hereby sentences the
Respondent to 180 days in the Harris County Jail for each of those two
failures to comply or make payment and orders those to be served
concurrently.


This statement constituted the trial court's rendition of the sentence against her in her
presence. The subsequent reduction of the pronouncement to writing signed by the
court the next day, August 1, 2008, was merely a ministerial act of the court. See Oak
Creek Homes, Inc. v. Jones, 758 S.W.2d 288, 290 (Tex. App.--Waco 1988, no writ)
("The subsequent reduction of the pronouncement to writing signed by the court is a
ministerial act . . . ."). Coffer's absence-from-court ground for relief is without merit.


 D. Violation of Double Jeopardy

 Coffer argues that the trial court held a trial, held her in contempt, signed a
judgment of contempt, had her incarcerated on July 31, 2008 and then, the following
day, signed a different judgment of contempt and increased her punishment. Based
on this interpretation of the record, Coffer contends that the trial court violated her
United States Constitution Fifth Amendment right not to be placed twice in jeopardy
for the same offense. 

 Coffer misconstrues the record. In the July 31, 2008 proceeding, the trial court
considered two distinct matters: (1) Marsh's request for the revocation of the
suspension of the commitment for the January 2007 through September 2007 child
support order violations ordered in the October 25, 2007 enforcement order and (2)
Marsh's second motion for enforcement by contempt containing new allegations that
Coffer had violated the March 20, 2006 child support order on March 1, 2008; May
1, 2008; and June 1, 2008. Contrary to Coffer's argument, the trial court did not find
her in contempt in the July 31, 2008 order, but rather, revoked the suspension of her
commitment in the October 25, 2007 enforcement order and reinstated, in a modified
form, the civil-coercive confinement measure it had ordered in the October 25, 2007
enforcement order. Thus, Coffer's incarceration on July 31, 2008 did not constitute
confinement for punitive purposes as contemplated by the Fifth Amendment, but
rather a civil effort to persuade Coffer to cure her violations of the March 20, 2006
child support order. In contrast, the trial court's August 1, 2008
enforcement/contempt order found new violations on May 1, 2008 and July 1, 2008,
of the March 20, 2006 child support order. Because the two orders did not punish
Coffer for the same offense, or increase Coffer's punishment, this ground for relief is
also without merit.

 We hold Coffer's challenges to the August 1, 2008 contempt order are without
merit.

III. February 3, 2009 Revised Contempt Order

 In her supplemental petition for habeas corpus relief, Coffer contends the
revised order issued by the trial court violates her due process rights for the same
reasons as the previous orders issued on July 31, 2008 and August 1, 2008. The
revised order takes the substantive provisions from the first two orders and combines
them into one order. Coffer argues the revised order violates her right to due process
and protection from double jeopardy. She claims the February 3, 2009 order is void
because 1) it was signed after an unreasonable delay of 183 days, 2) it was signed
without her presence at the February 3, 2009 hearing, 3) it was signed without taking
evidence at that hearing, and 4) it punishes her twice for the same offense.


 A. Unreasonable Delay

 Coffer contends the trial court cannot wait 183 days to sign an order holding her
in contempt. She asserts that because the February 3, 2009 order vacated the prior
order, it is as if the previous orders never existed. Therefore, Coffer argues, she was
placed in jail on July 31, 2008 without a contempt order.

 The passage of time did not deprive the trial court of its ability to issue a new
order on February 3, 2009--combining the substantive provisions of the July 31, 2008
and August 1, 2008 orders into one order without making new findings or assessing
new punishments. To do so is in the nature of a nunc pro tunc order, making the trial
court's order speak the truth of the judgment that the trial court verbally rendered in
court. See Ex parte Hogan, 916 S.W.2d 82, 85 (Tex. App.--Houston [1st Dist.] 1996
orig. proceeding). The August 1st contempt order finding Coffer in violation of the
March 20, 2006 child support order remains valid. Therefore, there was a contempt
order justifying relator's placement in jail within a short and reasonable time. The
February 3, 2009 revised order combines the two previous orders in an attempt to
eliminate confusion. 

 B. Violation of Due Process

 Relator claims the trial court violated her due process rights when it signed the 
order on February 3, 2009. Relator argues the order is void because she was not
present nor was any evidence taken to justify finding her in contempt. 

 Relator was not denied due process because she was present for and aware of
the evidence taken in the trial court on July 31, 2008. The hearing on February 3,
2009, with counsel for both parties present, merely resulted in the combination of the
two prior orders into a single order to eliminate confusion surrounding the two
previous orders issued on July 31, 2008 and August 1, 2008. All the information
relevant to the February 3, 2009 hearing was gathered from the hearing on July 31,
2008. The trial court did not hear evidence for any additional violations on February
3, 2009. The punishment was based on the same violations established by evidence
and found by the trial court at the July 31, 2008 hearing. Therefore, relator's due
process rights were not violated. 

 C. Violation of Double Jeopardy

 Relator states that the revised order subjecting her to 180 days in jail after she 
has already served 11 days in jail punishes her twice for the same violation. Relator
claims this violates her rights under the Fifth Amendment of the United States
Constitution.

 The Fifth Amendment is violated when a party is subject to 1) a second
prosecution for the same offense after acquittal, 2) a second prosecution for the same
offense after conviction, 3) multiple punishments for the same offense. Ex parte
Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g). A person is
protected from being punished twice for the same offense. United States v. Benz, 282
U.S. 304, 308-09, 51 S. Ct. 113, 114-15 (1931). 

 This Court has the power to modify the order upholding the valid portions of
the ruling while striking the portions that are void. In re Arthur Broussard, 112
S.W.3d 827, 831 (Tex. App.--Houston [14th Dist.] 1993, orig. proceeding). If the
Court determines that relator is entitled to relief, it must make an appropriate order. 
Tex. R. App. P. 52.8(c). If the Court denies relief and the relator has been released on
bond, the Court must remand the relator to custody and issue an order of commitment. 
See Tex. R. App. P. 52.8(a). This Court's commitment order can place relator in prison
for the remaining 169 days of her sentence. This will keep relator from being punished
twice for the same violations listed in the August 1, 2008 contempt order. 

 D. Validity of August 1, 2008 and February 3, 2009 Contempt Orders

 As stated in Section I above, the July 31, 2008 revocation order is void. Ex
Parte Chunn, 933 S.W.2d at 535. The provisions from the July 31st revocation order
included in the February 3, 2009 order are void as well. 

 1. August 1, 2008 Order

 The provisions relating to confinement of 180 days in jail for unpaid child
support payments in May and June 2008 remain valid. Because the provisions of this
August 1st order are included in the February 3, 2009 order, the August 1st order and
writ of commitment are set aside and vacated. 

 2. February 3, 2009 Revised Contempt Order

 The provisions relating to unpaid child support in accordance with the October
25, 2007 contempt order are void. Relator remains in violation of the March 20, 2006
child support order for failure to make the May and June 2008 payments. Relator is
subject to confinement in jail for the remaining 169 days of her punishment. 

IV. Sanctions

 Marsh requests that we sanction Coffer for misleading the Court by failing to
disclose in her original petition for habeas corpus relief the existence of the July 22,
2008 reporter's record containing trial court due process admonitions and failing to
disclose the existence of the August 1, 2008 contempt order. While these omissions
suggest highly suspicious conduct on the part of Elsie Martin-Simon and L.T. "Butch"
Bradt, counsel for Coffer, it is not entirely clear that counsel omitted these items in bad
faith. Accordingly, we decline to order sanctions.

Conclusion

 For violation of Coffer's right to notice under the due process clause of the
Fourteenth Amendment to the United States Constitution, we hold void the trial
court's finding of Coffer in contempt for not making the September 1, 2007 child
support payment of $135. Because that missed payment was a constituent element of
the child support arrearage that the trial court found Coffer failed to pay as part of the
terms and conditions of the revocation of suspension of commitment and because that
failure led the trial court, in its July 31, 2008 order, to revoke its October 25, 2007
suspension of commitment and reinstate it, resulting in Coffer's confinement, we hold
the July 31, 2008 order and the writ of commitment on which it is based to also be
void. We set aside and vacate the July 31, 2008 order and writ of commitment. We
also set aside and vacate the August 1, 2008 order and writ of commitment. We deny
Coffer's request for habeas corpus relief from the February 3, 2009 contempt order,
except to strike from it the trial court's findings and holdings relative to the trial
court's July 31, 2008 revocation of suspension of commitment provisions. We remand
Coffer to the custody of the Sheriff of Harris County to serve the 169-day balance of
the 180-day punitive contempt sentence contained in the February 3, 2009 order,
subject to further reduction, if any, for good time credit, which the Sheriff may award
and subject to reduction, if any, which the trial court may award upon Coffer's request,
if any. 


 Jim Sharp, Jr.

 Justice


Panel consists of Chief Justice Radack and Justices Sharp and Taft. (2)


1. At page 51 of the reporter's record of the July 31, 2008 hearing, at the
end of the hearing, the trial court stated, 


 The Court additionally finds that she is in contempt of
court for failing to make payments of $135 as periodic
child support as ordered by this Court on May 1, 2008 and
June 1, 2008. The Court hereby sentences the Respondent
to 180 days in the Harris County Jail for each of those two
failures to comply or make payment and orders those to be
served concurrently.
2. Justice Tim Taft, who retired from the First Court of Appeals on June 1,
2009, continues to sit by assignment for the disposition of this case,
which was submitted on June 23, 2009.