Opinion issued January 6, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00336-CV

———————————

In re CAMERON SHANE CLAUNCH, Relator



 



 



Original Proceeding on Petition for Writ of Habeas Corpus

 



 

MEMORANDUM OPINION

          Relator,
Cameron Shane Claunch, has filed a petition for writ
of habeas corpus.  In three issues, he
argues that: (1) the trial court’s commitment order is inadequate to legally
incarcerate him because it does not contain language directing the sheriff or
other ministerial officer to take him into custody and detain him; (2) the
trial court issued conflicting commitment orders, or, alternatively, the trial
court issued a single commitment order that holds him in contempt for acts
which were not complained of in the motion for contempt; and (3) he cannot be
detained on civil, coercive grounds only when he does not have the present
ability to pay the funds necessary for his release.

          We previously ordered that Claunch
be released on bond pending the outcome of this proceeding, and we now grant
habeas relief.

Background

Claunch divorced real party in
interest Michelle Trevino by a decree of divorce signed on June 12, 2002, which
contained a provision requiring Claunch to pay child
support to Trevino.  Claunch
failed to make some of his payments.

Trevino moved to enforce the child support orders in the divorce decree
on April 20, 2010.  Trevino argued in her
motion to enforce that Claunch failed to provide
health insurance for his children as required by the divorce decree and that he
failed to pay the $400 monthly child support for the months of July 2002
through March 2010, totaling $37,200 in overdue child support.  Trevino also argued that, pursuant to a July
3, 2007 order, Claunch was required to pay $1,500 as
monthly child support beginning June 1, 2007, totaling $28,500 in overdue child
support.  She argued that he had not made
those payments for the months of October 2008 through April 2010.  She also stated that, based on his past
behavior, she believed he would also fail to make future payments and requested
that Claunch be held in contempt and fined for “each
failure to comply with the order of the Court from the date of this filing to
the date of the hearing on this petition.”

The trial court held a hearing, and, in its June 22, 2010 order of
enforcement by contempt and suspension of commitment, it found Claunch in contempt for failing to pay $1,500 in monthly
child support as ordered for February, March, and April 2010 and ordered that
he pay $31,023.70 for past-due child support and medical expenses.  The trial court ordered that Claunch be confined for civil contempt, but it suspended
commitment and placed Claunch on community
supervision for 180 days under the conditions that Claunch
pay child support as ordered and maintain health insurance for the children.  The parties then entered into an agreed order
modifying the amount of Claunch’s child support
payments.

Trevino moved to revoke the suspension on February 23, 2011.  Trevino asserted that Claunch
had committed additional violations by failing to pay the ordered child support
payments for the months of June 2010 through February 2011, and she requested
that Claunch be committed in accordance with the
trial court’s June 22, 2010 order.

On April 7, 2011, the trial court found Claunch
guilty of new acts of contempt, including failure to make certain payments from
November 2010 through April 2011, and it signed an order revoking the
suspension of commitment.  The trial
court also increased the amount of the judgment against Claunch
to $40,473.67 plus attorney’s fees. 
Regarding Claunch’s punishment for the its finding of civil contempt, the trial court ordered

that Respondent, CAMERON SHANE CLAUNCH, shall be confined in the county
jail of Brazoria County, Texas, until Respondent has complied with the
following orders [to pay $40,473.67 in child support arrearage and $2,583.00 as
costs and attorney’s fees].

 

The trial court denied Claunch’s petition for
writ of habeas corpus, and he then filed a petition for habeas relief in this
Court.  On April 29, 2011, we issued an
order granting him temporary relief.

Analysis

          Texas
courts of appeals have very limited jurisdiction over habeas corpus
proceedings.  See Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004).  The purpose of a habeas corpus proceeding is
not to determine the ultimate guilt or innocence of the relator,
but only to ascertain whether the relator has been
unlawfully restrained.  Ex parte Gordon, 584
S.W.2d 686, 688 (Tex. 1979).  The
presumption is that the contempt order is valid.  In re
Turner, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig.
proceeding).  A writ of habeas corpus
issues if a trial court’s contempt order is beyond the court’s power or if the
court did not afford the relator due process of
law.  Id.
(citing In re Henry, 154 S.W.3d 594,
596 (Tex. 2005)).  The relator bears the burden of showing that he is entitled to
relief.  Id.  On review, we do not
weigh the proof and determine whether it preponderates for or against the relator; we determine only whether the contempt order is
void.  Ex parte Chambers, 898 S.W.2d 257,
259–60 (Tex. 1995).

          In
his second issue, Claunch argues in part that the trial court issued a commitment order
that holds him in contempt for acts that were not complained of in the motion
for contempt.  Essentially, Claunch argues that the trial court’s April 7, 2011 order is void because it lists
two violations for failure to make child support payments that occurred after
Trevino filed her motion to revoke, violating his due process rights.  We agree.

          In her February 23, 2011 motion to
revoke, which sought enforcement of the trial court’s prior child support
orders, Trevino alleged that Claunch failed to pay
the ordered child support payments for the months of June 2010 through February
2011.  The trial court’s April 7, 2011
order found that Claunch violated its previous
support order by failing to make certain payments from November 2010 through
April 2011.  By virtue of Trevino’s
motion to revoke, Claunch was on notice that Trevino
was charging him with having missed payments through February 2011.  The trial court’s contempt findings included
two alleged violations—failure to
pay in March 2011 and in April 2011—of which the motion to revoke did not put him on notice.

          A motion for contempt is comparable to
an indictment or information and complaint charging several different
misdemeanors.  Ex parte Chunn, 933 S.W.2d 534, 535 (Tex. App.—Houston [1st
Dist.] 1995, orig. proceeding) (citing Ex parte Oliver, 736 S.W.2d 277, 278
(Tex. App.—Fort Worth 1987, orig. proceeding)). 
A criminal defendant in a misdemeanor case may not be convicted of an
offense which occurs after the date of filing of the information.  Oliver, 736 S.W.2d at
278.  A trial court finding that
an alleged contemnor is guilty of an offense occurring after the filing of a
motion for enforcement is void.  Chunn, 933 S.W.2d at 535.  Here, because the trial court found Claunch guilty of contempt for not making the March 2011
and April 2011 child support payments, offenses that occurred after Trevino
filed her motion to revoke the suspension and to enforce the child support orders,
those findings are void.  Because the
payments for March and April 2011 constitute a portion of the child support
arrearage on which the trial court based its civil-coercive confinement, we
hold that the trial court’s April 7, 2011 commitment order is void.  See id.

          Trevino argues that she sufficiently
pled future violations to provide Claunch with notice
by including in her first amended motion for enforcement a statement that “[Trevino]
believes, based on the conduct of [Claunch], that
[he] will continue to fail to comply with the order” and a request that Claunch “be held in contempt and fined for each failure to
comply with the order of the Court from the date of this filing to the date of
hearing on this petition.”  In Ex
parte Occhipenti, this Court held that when a
motion for contempt pled that the relator had
repeatedly violated a trial court’s order and that future violations of a
similar nature might arise between the filing of the motion and the date of the
contempt hearing, the relator had sufficient notice
that the real party in interest intended to have him held in contempt for his
contemptuous acts occurring after the filing of the motion.  796 S.W.2d 805, 810 (Tex.
App.—Houston [1st Dist.] 1990, orig. proceeding).  

However, the present case is distinguishable from Occhipenti.  Trevino’s motion to revoke—the motion upon which the trial court ordered Claunch confined for contempt—did not include any language regarding future violations of a similar
nature.  Her first amended motion for
enforcement stated that she was seeking that Claunch be held in contempt for violations occurring between the
filing of the motion and the hearing on that motion.  That motion was filed on April 20, 2010, and
the trial court held a hearing on that motion on June 22, 2010.  The parties subsequently entered into an
agreed order modifying the amount of Claunch’s child
support payments.  Thus, any notice
provided by the first amended motion to enforce regarding violations occurring
between April and June 2010 was not sufficient to put Claunch
on notice regarding violations occurring after Trevino’s February 23, 2011
motion to revoke.

          We sustain Claunch’s
second issue.  Because of our holding on
this issue, we do not address his remaining issues.

Conclusion

          We
grant Claunch’s petition for writ of habeas corpus
and vacate the trial court’s order holding him in contempt and ordering that he
be incarcerated.  We further order that
the bond for his appearance before this Court be dismissed.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice

 

Panel
consists of Justices Keyes, Higley, and Massengale.